WATERS *v.* MOSS, Trustee of the Sacramento Valley Railroad Company.

In an action against a railroad company for running over a horse and killing him, the plaintiff has the right to prove the custom of the country, " to permit domestic animals to roam at large upon the uninclosed commons; " where the defense is negligence on the part of the plaintiff in thus allowing the horse to run at large.

Plaintiff was not guilty of negligence in thus allowing his horse to run at large.

The rule of common law, which requires owners of cattle to keep them confined within their own close, does not prevail in this State. The common law was adopted only so far as it was not repugnant to the Constitution and statutes of the State.

Waters v. Moss.

Before the discovery of the gold mines, this was exclusively a grazing country; its only wealth consisting in vast herds of cattle which were pastured exclusively upon uninclosed lands. The custom continued to prevail after the acquisition of the country by the United States, and has been, in various instances, recognized by the Legislature.

APPEAL from the Sixth District, County of Sacramento.

The facts are stated in the opinion of the Court.

*Clark & Gass* for Appellant.

1st. The Court erred in refusing to permit plaintiff to prove on the trial that the custom had been throughout this State, from its earliest history, to permit cattle and horses to run at large.

2nd. That the Court erred in finding, as a fact, that the plaintiff was guilty of negligence in permitting his horse to run at large on the commons.

3d. That the Court erred in its conclusions of law in holding, that slight negligence on the part of the plaintiff, although remote, could relieve the defendant from all responsibility, and deprive the plaintiff of all redress for injury, although it resulted from the immediate negligence of defendant.   3 Ohio State R. 175; 14 Conn. R. 293; 5 Gilman's R. 130; 1 Strabhart's R. 175; Swift's Dig. R. 525; 11 East's R. 58, 567; 1 Adolp. & Ellis' R. 35; 3 Carr & Payne's R. 554; 2 Eng. Common Law R. 183; 38 *Ib.* 252; 39 *Ib.* 559; 15 *Ib.* 91; 53 *Ib.* 53; 16 Conn. R. 421; 19 *Ib.* 507; 24 Vermont R. 488; 23 *Ib.* 388; 14 Paige's R. 593.

*Latham & Sunderland* for Respondent.

The first error complained of by appellant's counsel, is a refusal of the Court to allow, on the trial, proof " that the custom had been throughout this State, from its earliest history, to permit cattle to run at large upon the uninclosed lands in this State."

The rule of the common law was, that a man must keep his cattle on his own land, or within his own close, and was liable in trespass for allowing them to go upon his neighbor's land.   But railroad companies having the exclusive right to use their roads, the very object of their incorporation forbids any joint occupation for any purpose.

In Ohio, it is held, "that the company is liable for *want of such reasonable care* as is consistent with the safety of the persons and property on the train." Kernhacker *v.* C. C. & C. R. Co., 3 Ohio State, 172; C. H. & D. R. R. Co. *v.* Watson, 2 Ohio State, 424, 433.

In Pennsylvania, where the common law has been modified as in Ohio, the Supreme Court says, that the common law rule does apply to uninclosed lands in the vicinity of railroads; and if the owner allows his cattle to run at large in the vicinity of them, he does so at the risk of losing them, and paying for their transgressions.    N. Y. & Erie R. R. Co. *v.* Skinner, 19 Penn. State, 298; Knight *v.* Albert, 6 Penn. State, 472.

The same doctrine is laid down in Illinois, where they also recognize the modification of the common law rule as to cattle not being trespassers on uninclosed lands; but the Supreme Court of that State says they do become trespassers when they wander upon the track of an uninclosed railroad, and the railroad company is not liable for killing them while on the track, unless its agents are guilty of "willful or wanton injury, or of gross negligence, evincing reckless or willful misconduct."    Chicago & Miss. R. R. Co. *v.* Patchin, 16 Ill. 198; Great Western R. R. Co. *v.* Thompson, 17 Ill. 131 ; Central Military Tract R. R. Co. *v.* Rockafellow, 17 Ill. 541 ; Illinois Central R. R. Co. *v.* Reedy, 17 Ill. 580.

We therefore state it to be well settled law, and in accordance with the almost unanimous authority of the Courts, that a railroad company, not compelled to fence its track by special statute, is not responsible for injuries to cattle coming upon its track, through the want of such fence, without proof of some other default.

"It may maintain an action for damages done by such cattle unlawfully coming upon its track; and, on the other hand, it is not liable to the owner for injuries inflicted on his cattle, thus trespassing, while it is in the lawful exercise of its right to the exclusive use of its track." Perkins *v.* Eastern R. R. Co., 29 Maine, 307 ; Woolson *v.* Northern R. R. Co, 19 N. *Ib.*, 267 ; Cornwall *v.* Sullivan R. R., 8 Foster, 170 ; Hurd *v.* Rutland & Bennington R. Co., 25 Vermont, 123 ; Jackson *v.* Same, *Ib.* 150 ; Morse *v.* Same, 29 *Ib.* 49; Moss *v.* Boston & Maine R. R. Co., 2 Cush. 536 ; Tower *v.* Providence & Worcester R.

34

R. Co., 2 R. I. 404; Terry *v.* N. Y. Central R. R. Co., 22 Barb. 574; Corwin *v.* N. Y. & Erie R. R. Co., 3 Kernan, 46; Vandegrift *v.* Rediker, 2 Zabris. 185; N. Y. & Erie R. R. Co. *v.* Skinner, 19 Penn. State, 298; Northeastern R. R. Co. *v.* Sineath, 8 Rich, 194; Cranston *v.* C. H. & D. R. R. Co., 1 Hardy, 193; Williams *v.* New Albany & Salem R. R. Co., 5 Ind. 11; Alton & Sangamon R. R. Co. *v.* Baugh, 14 Ill. 211; Williams *v.* Michigan Central R. R. Co. 2 Gibb, 259; Henry *v.* Dubuque & Pacific R. R. Co., 2 Clark, (Iowa) 303.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

This is an action to recover the value of a horse killed by the cars upon the Sacramento railroad. The case was tried below without a jury—defendant had judgment and the plaintiff appealed.

It appears that the horse had been permitted to run at large upon the uninclosed commons. That at the time the cars were passing, the horse, in company with others, was about crossing the railroad track, upon a public road; becoming frightened, it ran along the track some hundred yards, where the road crossed an open culvert, there being a fence on each side of the track; that the horse failed in the attempt to leap this open culvert, and was run over and killed by the locomotive.

The Court below refused to permit plaintiff to prove that it was the custom in this State to permit domestic animals to roam at large upon the uninclosed commons; but held that, in so permitting his horse to roam at large, the plaintiff was guilty of negligence, and that he was not entitled to recover damages for a loss which was, in fact, occasioned by such negligence.

This was error. The rule of common law which required owners of cattle to keep them confined to their own close has never prevailed in California. Before the discovery of the gold mines this was exclusively a grazing country; its only wealth consisting in vast herds of cattle, which were pastured exclusively upon uninclosed lands. This custom continued to prevail after the acquisition of the country by the United States, and has been in various instances recognized by the Legislature.

The common law was adopted only so far as it was not repugnant

to the Constitution and statutes of the State.   Now, the rule contended for by respondent, and adopted by the Court below, is repugnant to no less than three statutes passed by the session of the Legislature at which the common law was adopted, to wit : The law regulating *rodeos ;* the Act concerning marks and brands, and the Act concerning lawful fences.

If it were contemplated by the Legislature that all such animals were to be confined to the close of the owner, where was the necessity of providing for a general herding of all the cattle of a neighborhood, after notice, in order that all might attend and each select his own ? Or of requiring cattle and horses to be branded before reaching a certain age ?   Or the justice of providing that damages for loss of crops destroyed by cattle should only be recovered by those whose farms are inclosed by a certain description of fence ?

Judgment reversed and cause remanded.