## COMERFORD *v.* DUPUY *et al.*

THE motion in this case to strike out the answers because denying on information and belief, and for judgment on the complaint: *Held*, to be properly overruled. See facts.

A party cannot recover for injuries done by cattle of defendant breaking into plaintiff's close, unless the land entered be inclosed by a fence of the character described by statute, or at least by an inclosure equivalent, in its capacity to exclude cattle, to the statutory fence.

APPEAL from the Twelfth District.

The complaint verified avers, in substance : 1st, that plaintiff was in peaceable and actual possession of a certain tract of land, " which land, so far as was necessary, was inclosed by a good substantial fence, and part of it under cultivation ; 2nd, that defendants were the owners of large numbers of cattle, which were permitted to run at large, not being confined by any fence or inclosure of said defendants, and being so at large and ungovernable the said cattle of defendants on, etc., broke down the fence of plaintiff, so erected as aforesaid on said tract of land, and destroyed a large number of cabbages, to wit : four hundred and seven dozen, the property of plaintiff, and did other injuries," etc., to the damage of plaintiff of $2,500.

The answers verified run thus: that defendants " have been informed and believe the same to be true, and therefore say that it is not true that plaintiff" was in the peaceable or actual possession of the land, etc. ; " and for a further answer, they say that it is not true that the tract of land described in the complaint, or any part thereof, was on, etc., inclosed by a good substantial fence, or that the same was partially inclosed by a good and substantial fence." Then follow denials like this last as to defendants' cattle running at large, or entering plaintiff's land and destroying his cabbages, etc., with an averment that plaintiff never had a lawful fence or inclosure around his land or any part thereof, such as is required by the statute of April 27th, 1855, and that defendants have been informed, and believe the same to be true, that cattle of other and unknown persons did do some of the damage mentioned in the complaint.

When the cause was called for trial, plaintiff moved to strike out the answers, and for judgment on the complaint.    Motion denied, and the case proceeded.

It appeared in proof that defendant's cattle were Spanish cattle, and permitted to roam at large on the south side of plaintiff's land, which was fenced on three sides, the fourth side being bounded by a steep bluff on the ocean.    The fence on the south side was made by a ditch three or four feet wide, three feet deep, with posts eight feet apart on the inner edge of the embankment thrown up by digging the ditch, and two rails, leaving the ditch on the outside of the fence.    The distance from the outside of the ditch to the top rail was seven feet, and from the bottom of the ditch to the top rail five or six feet.    One witness, to whom the Statute of 1855 as to lawful fences was read, stated, defendants excepting, that plaintiff's fence was as strong and substantial as that named in the statute.    Another witness stated that twenty feet of the fence on the south side was not three feet high ; and another that in some places the fence had been broken down and patched up.    Defendants' counsel asked the Court to instruct the jury, in effect, that if defendants' cattle entered on plaintiff's land where the fence was of lawful height, still plaintiff could not recover if any part of his inclosure was under the statute height.    Refused.    Verdict for defendants, judgment accordingly.    Plaintiff appeals.


*J. J. Papy*, for Appellant.

I.    The answers are insufficient.    (*Hensley* v. *Tartar*, 14 Cal. 508 ; 9 Id. 59, 453 ; Id. 37, 38 ; *Blankman* v. *Vallejo*, 15 Id. ; *Castro* v. *Wetmore*, 16 Id. 379 ; *Kuhland* v. *Sedgwick*, *infra*.)

II.    The verdict is contrary to the evidence.    The defendants were bound so to keep their cattle as to prevent them from destroying their neighbor's growing crops.    Our statute relative to lawful fences applies only to fences along a highway where a person has a right to have his cattle pass from one point to another.    But the owner of cattle cannot turn them into a highway for pasture.    (16 Mass. 33 ; 19 Johns. 385 ; 2 H. Black, 527 ; and authorities cited in *Burk* v. *Brainard*, 1 Cow. 79, note *a*.)

*Murphy & Burnett*, for Respondents, upon the law of fences and trespasses by animals, cited 6 Penn. 472 ; *N. Y. & Erie R. R. Co.* v. *Skinner*, 19 Pa. 303 ; 16 Ill. 201; *Waters* v. *Moss*, 12 Cal. 535 ; 4 Yerger, 36 ; Wood's Dig. 458, art. 2482.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The judgment must be affirmed.    The criticism of the answer in this case cannot be maintained ; at least, the defects suggested were not sufficient to sustain the motion to strike out.    We cannot interfere with the discretion of the Court in refusing a new trial.

We think a party cannot recover for injuries done by cattle of defendant breaking into plaintiff's close, unless the land entered be inclosed by a fence of the character prescribed in the statute, or at least, by an inclosure equivalent to that described in the statute in its capacity to exclude cattle.    (See Pennsylvania cases cited in respondents' brief.)

Judgment affirmed.