C. D. LOGAN, RESPONDENT, *v.* A. M. GEDNEY, MARY GEDNEY, STEPHEN CHORD AND MRS. E. M. CHORD, APPELLANTS.

CATTLE RUNNING AT LARGE.—The rule of the common law of England, that every man is bound to keep his beasts within his own close, never was the law in California.

ACT TO RESTRICT THE HERDING OF SHEEP.—The acts denounced by this statute as unlawful, are the direct, aggressive, volitive acts of the party himself, or his

agent. Its manifest object and intent is to prohibit persons owning or having the charge of sheep, from driving them to, and collecting them upon, the uncnclosed lands of another.

Idem.—This Act, neither in terms or by implication, repeals the Act of April 28, 1859, "concerning lawful fences in San Bernardino" and other counties.

Appeal from the District Court of the Second District, Tehama County.

The case is stated in the opinion.

*C. P. Broynard*, and *Haymond & Stratton*, for Appellants.

*P. B. Nagle*, Attorney, and *Jo Hamilton*, Attorney General, for Respondent.

Sprague, J., delivered the opinion of the Court:

The question presented on this appeal was directly raised on appellant's· motion for nonsuit in the Court below, after plaintiff had closed his testimony and rested his case.

The action is based upon a statute of this State, entitled "An Act to restrict the herding of sheep" (Statutes 1861, p. 523), as amended March 28, 1868 (Statutes 1867–8, p. 426), the first section of which reads as follows : "It shall not be lawful for any person or persons owning or having charge of any sheep, to herd the same, or permit them to be herded, on the land or possessory claim of other than the land or possessory claims of the owners of such sheep." The fourth section modifies the first, as follows : "Nothing in this Act shall be construed .to prohibit or prevent the herding of sheep upon any unoccupied lands of .this State or of the United States." The second section renders the persons guilty of the acts prohibited by the first section liable to the party injured in damages to the extent of such injury for the first offense, and in double damages for the second and every subsequent transgression.

The acts here denounced as unlawful, and for which a party is held responsible in damages, are the direct, aggressive, volitive acts of such party himself, or his agent, as the terms employed to designate the prohibited act necessarily imply. · "It shall not be lawful for *any person or persons*

owning or having charge of any sheep *to herd* the same, or permit them *to be herded;*" etc.   *To herd,* as here used, is a transitive verb, having for its subject *person* or *persons,* and for its object *sheep.*

The rule of the common law of England, that every man is bound to keep his beasts within his own close, under the penalty of answering in damages for all injuries resulting from their being permitted to range at large, never was the law in California.

The first Legislature of the State, before adopting the common law of England as the rule of decision for the Courts of the State, when not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this State, had passed the Act "concerning lawful fences and animals trespassing on premises lawfully enclosed." (See Statutes 1850, page 131.)   This fence law of March 30, 1850, is, by necessary implication, directly in conflict with and repugnant to the above rule of the common law of England.   So, also, is the Act of April 13, 1850, " concerning marks and brands," passed one day before the Act adopting the common law as a rule of action.   (Statutes 1850, p. 214.)   The same is true with reference to the Act "to regulate rodeos," and the Act "concerning Judges of the Plains," passed at the second session of the Legislature, in 1851, and many. subsequent special Acts on the subject of lawful fences, including the Act of April 28, 1859, "concerning lawful fences in the Counties of San Bernardino, Colusa, Shasta, Tehama and Placer," which is still in force.   (*Waters* v. *Moss, Trustee, etc.* 12 Cal. 535 ; *Comerford* v. *Dupuy,* 17 Cal. 308 ; *Richmond* v. *Sac. Val. R. R. Co.* 18 Cal. 355.)

The Act of 1861, now under consideration, neither in terms nor by implication repeals the above Act of April 18, 1859, nor does it prohibit the free, voluntary ranging at large of sheep over and upon unenclosed public or private land.   The plain letter, manifest intent and object of the Act is to prohibit persons owning or having the charge of sheep, from driving them to, and collecting them upon, the unenclosed lands of another person.   The acts prohibited are personal, and such as the party guilty thereof would

have been held responsible to the party injured thereby, in simple damages to the extent of such injury, independent of this statute.

If the Legislature had designed to interdict the ranging at large of sheep, or to compel the owners of sheep to securely confine them within their own close, such purpose would have been announced in the title of the Act, and expressed in the body thereof, in terms very different from those employed in the title and body of this Act. In such an Act, neither of the terms *herding, to herd* or *to be herded,* would likely have found a place.

The complaint in this case directly charges the defendants with the commission of the acts interdicted by the statute. The allegations being that the defendants "wrongfully and wilfully permitted said sheep to be herded, and did herd the same upon the lands of which the plaintiff then was, ever since has been, and still is the owner," and in a subsequent paragraph it is alleged that "defendants herded and permitted said sheep to be herded in and upon the above described barley field." These allegations constitute the gist of the plaintiff's action, but his evidence entirely failed to establish, or tend to establish, these allegations, or that the defendants, or either of them, had been guilty of the acts charged against them, or of the acts prohibited by the statute; the evidence simply shows that defendants' sheep, without their agency, knowledge or consent, while ranging at large, at night strayed into plaintiff's barley field, which was not protected or enclosed by a lawful fence, or any sufficient fence to obstruct the free ingress or egress of sheep and hogs.

We are therefore of opinion that the Court erred in denying defendants' motion for nonsuit, and in its judgment upon the facts as found, also in its order denying their motion for a new trial.

Judgment and order denying a new trial reversed, and cause remanded.

RHODES, J., expressed no opinion.