[No. 9045. Department Two. — March 24, 1886.]

## E. C. HAHN ET AL., RESPONDENTS, v. CHARLES GARRATT, APPELLANT.

TRESPASSING CATTLE — LAND IN SANTA CLARA COUNTY — OWNER NOT RE-
QUIRED TO FENCE. — An owner of land situated in Santa Clara county,
under the act of April, 1863, as amended in March, 1872, is not required
to fence it against cattle belonging to another person; and the owner of
such cattle, if he allows them to trespass thereon, is liable for the dam-
age done, whether the land was fenced or not.

APPEAL from a judgment of the Superior Court of
Santa Clara County, and from an order refusing a new
trial.

The facts are stated in the opinion.

*John Reynolds*, and *C. D. Wright*, for Appellant.

The rule of the common law as to the liability of the
owner of trespassing cattle has never prevailed in this
state. (*Waters* v. *Moss*, 12 Cal. 535; *Comerford* v. *Dupuy*,
17 Cal. 308; *Richmond* v. *S. V. R. R. Co.*, 18 Cal. 355;
*Logan* v. *Gedney*, 38 Cal. 581.)

*Burt & Pfister*, for Respondents.

BELCHER, C. C.—This was an action to recover dam-
ages for trespasses committed by the defendant's cattle
upon the plaintiffs' crops. The plaintiffs' land was situate
in Santa Clara County, and was not inclosed.

At the trial the defendant asked the court to instruct
the jury that the plaintiffs could not recover without
first showing that the premises on which they claimed
the trespasses were committed were inclosed by a sub-
stantial fence, sufficient to prevent the ingress of stock,
or that the defendant had voluntarily and intentionally
herded his stock upon the plaintiffs' land.

The court refused so to instruct the jury, but did in-
struct them as follows: "In this county a man is not
bound to fence his land against the trespasses of the

cattle of his neighbor; the owner of the cattle in this county must fence in his cattle, or in some way keep them from trespassing upon his neighbor's premises. . . . . In this case, it makes no difference whether the plaintiffs' premises were inclosed with any inclosure or not; the defendant was bound to take such care of his cattle as would prevent them from trespassing upon the premises of plaintiffs."

The refusal to instruct the jury as requested, and the giving of the above instructions, constitute the only errors assigned in the case.

It is claimed for the appellant that the rule of the common law of England, which required every man to keep his cattle within his own close, and made him liable in damages for all injuries resulting from their being permitted to range at large, has never prevailed in this state, and counsel cite, in support of this view, *Waters* v. *Moss*, 12 Cal. 535, *Comerford* v. *Dupuy*, 17 Cal. 308, and *Logan* v. *Gedney*, 38 Cal. 581.

When the common law was adopted, in 1850, it was made the rule of decision in all the courts of this state, so far as it was not repugnant to or inconsistent with the constitution of the United States or the constitution or laws of this state. At that time the principal industries of the state were mining and cattle-raising. To encourage and promote these industries, acts were passed by the legislature, before the adoption of the common law, which have been held to be inconsistent with some of its rules, and, among others, with that above referred to.

Since then, farming and fruit-raising have become important industries, and to encourage and protect them, special acts have been passed for some of the counties, which in effect restored the rules of the common law.

One of these acts was passed in April, 1863, entitled "An act concerning estrays and animals found running at large in the county of Santa Clara." (Stats. 1863, p.

581.)   This act was amended on March 27, 1872 (Stats. 1871–2, p. 580); and section 1, as amended, reads as follows:—

"Any person finding at any time an estray horse, mare, mule, jack, jennet, or any estray cattle, sheep, hogs, or goats, or any number of such animals upon his farm, land, or other premises, or any person finding any or all such animals running at large upon any public street, road, lane, alley, avenue, highway, square, or any other public thoroughfare, whether the owners of such animals are known or unknown, may take the same up and proceed therewith as hereinafter directed; and no person shall remove such animals from the possession of the taker-up or from the possession of the officer into whose hands they may be placed for the purpose of sale, except as hereinafter provided.

"Any of the above-named animals herded or found grazing upon any public street, road, highway, avenue, alley, or public square, or upon private property, without the consent of the owner thereof, whether accompanied by a herder or not, shall be deemed and held to be estrays, and animals running at large within the meaning of this act, and shall be dealt with as hereinafter provided, and be subject to the penalties herein named."

It is then provided that the person taking up such animals shall confine them in a secure place, and shall post notices containing a description of the animals taken up, etc., and that unless the owner shall appear and claim the property and pay certain damages within ten days, the animals shall be sold at public sale "in conformity with the law concerning sales on execution."

It is further provided by section 8 that "All acts and parts of acts in conflict with this act are hereby repealed, so far as they relate to the county of Santa Clara; *provided*, that nothing herein contained shall be construed so as to deprive any person of the right to sue and re-

cover damages for trespass by any animals mentioned in this act."

It is very evident from this, that in 1882, when the trespasses complained of here were committed, the owner of land in Santa Clara County was not required to fence it against his neighbor's cattle, and that if the owner of cattle allowed them to stray upon another's land and do damage, he at once became liable for the damage done, whether the land was fenced or not.

As we find no error in the action of the court below, the judgment and order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.