HARRISON v. ADAMSON.

**Trespass:** HERDING CATTLE ON ANOTHER'S UNINCLOSED LAND. The laws of this state provide that trespass is not committed when cattle which are running at large enter upon uninclosed land ; but the case is different where cattle not running at large, but in the charge of the owner or his agent, are driven and kept upon the uninclosed and unimproved prairie land of another, against his will. In the latter case the owner of the cattle is liable to the owner of the land for the damage to the grass growing on the land.

*Appeal from Palo Alto District Court.*—HON. GEORGE H. CARR, Judge.

FILED, DECEMBER 21, 1888.

ACTION to recover damages resulting to plaintiff by defendant's herding and pasturing cattle upon plaintiff's uninclosed land. A demurrer to plaintiff's petition was overruled. From this decision defendant appeals.

*Soper & Allen,* for appellant.

*John Jenswold, Jr.,* for appellee.

BECK, J.—I. The first count of plaintiff's petition, alleging his ownership of a tract of land, avers the following facts as a cause of action: "That the land is and has been unimproved prairie land, chiefly valuable for the crop of natural grass and hay that annually grows thereon; that defendant has been the owner of a large herd of cattle, and, during the spring and summer of 1886, grazed and herded the same on plaintiff's land, in charge of a herdsman, and used and destroyed the crop of grass and hay that grew thereon, for the year 1886; * * * that said defendant, though often requested by plaintiff to keep said cattle off from said premises, still persisted in wilfully driving and keeping said cattle upon said premises." To this count of the petition defendant demurred, and the demurrer was overruled. From this ruling defendant appeals. The petition contains another count,—the second,—which defendant answered. Plaintiff demurred to the answer, and the demurrer was overruled. From this action of the court the plaintiff appealed. But he has filed a paper, of which due notice was given to defendant, withdrawing his appeal. The questions arising on plaintiff's appeal are thus eliminated from the case, leaving nothing for consideration except the ruling of the court below in overruling defendant's demurrer to the first count of the petition.

II. It will be observed that the count of the petition assailed by defendant's demurrer shows, as a ground of recovery, that defendant caused his cattle, in the charge of a herdsman, to be herded upon plaintiff's land after being notified and requested to desist

Harrison v. Adamson.

therefrom. The allegations of the petition are to the effect that defendant, knowingly and wilfully, caused his cattle to be driven and kept upon plaintiff's land. Surely, the owner of uninclosed prairie land is not deprived of his rights in it by any statute of the state in regard to fences, or which authorizes another to use it for pasture against the owner's will. If he may so use it, why may he not use it for cultivation? There is nothing to be found in the statutes of this state, or the decisions of this court, depriving the owner of uninclosed land of the profits of the grass and pasture thereon, and exempting one who, against his consent, appropriates the grass or pasture, from liability therefor to the owner. The laws of the state provide that trespass is not committed when cattle which are running at large enter upon uninclosed land. But it is quite a different thing when cattle not running at large, but in the charge and under the control of a herdsman, the employe and agent of their owner, are driven and kept upon uninclosed land against the will of the land-owner, and with full knowledge of the owner of the cattle. In that case the trespasser takes and appropriates the use of the land for pasture, and is held by the law liable therefor. In the other case, where the cattle, being at large without the act or knowledge of the owner, go upon the land, the owner is not liable, for the reason that he committed no trespass, and has not knowingly appropriated the use of the land. It is needless to recite and discuss the cases and statutes to show that the position we announce is not in conflict with any of them. Our position contemplates the fact that the land is not subject to the herd law. The petition does not show that the herd law prevails in the locality where the land is situated, but counsel for defendant concede that the case shall be considered as though it were in force there. Our position is applicable, of course, to land where the herd law prevails. The foregoing consideration disposes of the controlling questions in the case, which demands no further consideration.

AFFIRMED.