[No. 18120.    Department Two.—September 25, 1894.]

## H. P. MERRITT ET AL., APPELLANTS, *v.* S. R. HILL ET AL., RESPONDENTS.

TRESPASSING ANIMALS—PLEADING—UNINCLOSED LAND—TRINITY COUNTY. A complaint in an action to recover for injuries by trespassing animals to lands in Trinity county, which are not alleged to have been inclosed, does not state a cause of action, if it is not alleged that the trespass was instigated by the defendant, or that he had notice thereof.

ID.—COMMON LAW.—The common-law rule as to liability for trespassing animals, by reason of certain general legislative acts, has never been in force in this state.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*McKune & George,* and *J. W. Bartlett,* for Appellants.

*Coonan & Sevier,* for Respondents.

VANCLIEF, C.—The substance of the complaint in this action is that while plaintiffs were owners and in possession of about eight sections of land in Trinity county (not alleged to have been inclosed), "defendants' cattle and horses ran and trespassed upon said lands, ate up, injured, and destroyed the grass, hay, and verdure being and growing thereon," to the damage of plaintiff in the sum of one thousand dollars. It is not alleged that the trespass was instigated by defendants, nor that defendants had notice thereof.

A demurrer to the complaint, on the ground that it does not state a cause of action, was sustained by the court; and, plaintiffs having declined to amend their complaint, judgment passed for the defendants.

Plaintiffs bring this appeal from the judgment on the judgment-roll, and contend that "at common law the rule was that every man must, at his peril, keep his cattle on his own land; and if he fails he is liable for their trespass on the land of others, whether fenced or

unfenced"; citing 3 Blackstone's Commentaries, 211; Cooley on Torts, 337; Pol. Code, sec. 4468.

In 1850 the legislature of this state enacted that "the common law of England, so far as it is not repugnant to, or inconsistent with, the constitution of the United States, or the constitution or laws of the state of California, shall be the rule of decision in all courts of this state"; and section 4468 of the Political Code is to the same effect. Yet it has been held in several cases that the common-law rule as to trespassing animals, claimed by appellants to be applicable to this case, is inconsistent with certain general legislative acts which have always been in force in this state, except as repealed by local laws applicable to some particular counties of which Trinity is admitted not to be one; and therefore that the common-law rule invoked by appellant has never been in force in this state. (*Waters* v. *Moss,* 12 Cal. 538; 73 Am. Dec. 561; *Comerford* v. *Dupuy,* 17 Cal. 308; *Logan* v. *Gedney,* 38 Cal. 581.) And the authority of these cases was recognized in *Hahn* v. *Garratt,* 69 Cal. 147, the decision of which, however, was governed by a local law applicable to Santa Clara county alone.

I think the judgment should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.