## HARDMAN v. KING.

TRESPASS—ANIMALS—ENCLOSURES — UNENCLOSED LANDS—PUBLIC LANDS—CONFLICTING EVIDENCE—PLEADING—SUBMISSION TO JURY.

1. In this state no actionable trespass is committed upon unenclosed lands by reason of cattle straying thereon from adjoining lands.

2. A right to the exclusive possession of government lands cannot be acquired by unlawfully enclosing them with other lands belonging to the fence owner, nor can the latter, by such enclosure, deprive other parties from peaceably turning cattle upon the government lands.

3. Lands of a private owner not separately enclosed situated in a general enclosure with land of another party, as well as unappropriated government lands, must be regarded as unenclosed as to cattle straying thereon from adjoining lands in the same enclosure, upon which they have been peaceably and lawfully turned loose to roam and graze at will.

4. Where defendant without objection turned his cattle loose upon his daughter's homestead situated in a general enclosure with lands belonging to plaintiff and unappropriated government lands, after having peaceably driven them into the enclosure through bars in a part of the fence located on the homestead and not owned by plaintiff. *Held,* that the mere fact that the cattle afterward strayed upon and depastured plaintiff's lands within the enclosure did not render defendant liable in trespass; but, in order for plaintiff to make out a case of trespass, under the circumstances in which the cattle came into the enclosure, it would be necessary for him to allege and prove that they were put upon his land.

5. In a suit for trespass for the depasturing by defendant's cattle of plaintiff's lands situated in an enclosure with lands of another party and unappropriated government lands, evidence on the part of the defendant that his cattle had been peaceably driven into the enclosure through bars in a part of the fence not owned by plaintiff and turned loose without objection upon land not owned by plaintiff, and that the cattle were not driven upon plaintiff's lands, but strayed thereon, was not evidence in the nature of a justification, but in denial of a herding of the cattle on plaintiff's lands, and was admissible under the general denial.

6. The act of one in merely driving his cattle from the unenclosed premises of another upon which they had strayed while lawfully roaming and grazing at will does not constitute actionable trespass.

7. Where plaintiff's land was enclosed with unappropriated government land, and land of another, and defendant's cattle had been turned loose without objection upon land not belonging to plaintiff within the enclosure, after having been peaceably driven into the enclosure through bars in a part of the fence not owned by plaintiff nor upon his land, and the evidence was conflicting as to whether the cattle had thereafter been driven, or had merely strayed upon plaintiff's land, it was error in a suit for alleged trespass by said cattle to direct a verdict for plaintiff.

[Decided April 23, 1906.]                    (85 Pac., 382.)
[Rehearing denied June 12, 1906.]

ERROR to the District Court, Albany County, HON. CHARLES E. CARPENTER, Judge.

Action for trespass by cattle. The facts are stated in the opinion.

*N. E. Corthell,* for plaintiff in error.

No trespass is committed when animals lawfully running at large wander upon and depasture the unenclosed lands of a private owner. (State v. Johnson, 7 Wyo., 515; Cosgriff v. Miller, 10 id., 222.) The rule is the same where private lands are in a general enclosure with public lands and lands of other parties, and the cattle charged to have

trespassed were lawfully put into the enclosure upon lands not belonging to plaintiff, and have subsequently strayed upon the latter's premises within the general enclosure. (Hecht v. Harrison, 5 Wyo., 279; Caldwell v. Bush, 6 id., 364; Martin v. Sheep Co., 12 id., 432; Haskins v. Andrews, id., 458.)

*H. V. S. Groesbeck,* for defendant in error.

The defendant below sought to show a justification in his invasion of the plaintiff's premises, and under the issue in the case presented by the answer containing a general denial only, evidence in the nature of justification was inadmissible. Justification must be specially pleaded, and cannot be shown under a general denial. (2 Bates Pl., 878 and cases cited.) And the particulars should be alleged. (Id.) A license or permission to do acts complained of must be specially pleaded. (Id.; Cone v. Ivinson, 4 Wyo., 203.) At common law, the general issue put in question not only the possession, but also plaintiff's title, but the rule is otherwise in code pleading. (21 Ency. Pl. & Pr., 835, 838, 839; Stambaugh v. Hallabaugh, 10 S. &. R., 357.) Where a defendant has a right of entry it must be pleaded in justification. (Razzo v. Varni (Cal.), 21 Pac., 762.) Any matter of justification must be specially pleaded in trespass. (Finch v. Alston, 2 Stew. & P., 83.)

In order to properly and lawfully raise the matters complained of both in the motion for a new trial and the brief, that the assessment of damages by the jury was excessive, that specific ground of error of law occurring at the trial should have been urged and insisted upon, and also grounded upon proper instructions to the jury and proper exceptions timely interposed, which has not been done. The rule is well established that errors assigned as ground for a new trial, which are not presented in the brief of plaintiff in error, are deemed to be waived. (Boswell v. Bliler, 9 Wyo., 277.) Defendant's right to turn his cattle upon the land by the permission of the entrywoman did

not permit him to invade the possession of another by entry through the fence of that other person, and the case of Caldwell v. Bush, 6 Wyo., 342, presents an array of facts easily distinguishable from the case at bar. Here, the entrywoman never has sought to live upon the land nor to remove the fence bi-secting it, nor in any way to disturb King's possession. Whatever permission she gave to Hardman to turn his cattle upon that portion of the entered land lying within King's enclosure, it does not seem to be anything of a tangible nature, and could not confer upon Hardman any right to invade the possession of King. The adverse possession of King as to that portion of the entered land within his enclosure, had for over five years been consented to by the entrywoman and whatever, and she and the parties claiming to deraign under her, were estopped from demanding a greater possession than she had ever claimed.

The plaintiff in error evidently rests his case on the ground that if one own or controls 160 acres in an enclosure containing 3,200 acres of land belonging to another he has a right to the use of the whole of the lands within the enclosure, just so.long as he does not wilfully drive or herd his stock on the lands of another within the enclosure. Such a view of the case, applied to a limited area enclosed, as in the case at bar, would be absurd, as it is clear that cattle will roam.

BEARD, JUSTICE.

The defendant in error, James King, Sr., commenced this action against the plaintiff in error, James Hardman, in the District Court of Albany County, to recover damages for alleged trespass upon his lands. The petition is in two counts, one charging a continuing trespass in 1903, and the other a like trespass in 1904. Both counts are identical except as to the year, and allege that on the first day of June of said years and on divers other days between that

day and the seventh day of September in said years, said defendant unlawfully and with force broke and entered the close of plaintiff situated around and enclosing the following lands and premises of plaintiff, to-wit: Sections 3, 5, 9, 16 and 17, Tp. 13 N., R. 75 W., in Albany County, Wyoming, and depastured the same and said lands of plaintiff, with cattle, trod down the grass and crops of plaintiff and converted the same to his own use, and otherwise injured the said lands and premises of plaintiff to his damage in the sum of one hundred dollars, for which sum with interest he prayed judgment. The defendant's answer to each count of the petition was a general denial. The case was tried to a jury, resulting in a verdict for plaintiff on both counts. A motion for new trial was denied by the court, judgment entered on the verdict and defendant brings error.

It was admitted at the trial that King was the owner of sections 3, 5, 9 and 17, and that he had a lease of section 16. It was also conceded in argument in this court that King's lands, except a small fraction of section 17 and a part of section 16, were enclosed by a fence, which enclosure also included sections 4, 8, W. ½ 10 and part of S. E. ¼ 10 which were vacant unoccupied government lands, and also included the N. E. ¼ of section 10, upon which Jessie K. Hardman, daughter of plaintiff in error had a homestead filing. King owned the greater part of this fence but there was a small part of it extending across the southeast corner of said homestead which belonged to Hardman or to said entrywoman, in which piece of fence there were bars opening onto the county road. It was through these bars that Hardman turned his cattle onto said homestead and allowed them to roam at will. There is no evidence in the record that he at any time drove the cattle from either said homestead or the government lands onto King's land. The cattle were peaceably put upon said homestead and without objection from anyone, and from there they strayed upon King's land, there being no fence

separating his lands from said homestead or the government lands included in the enclosure. Two witnesses on behalf of King testified that on one occasion about June 20 or 21, 1904, Hardman's son drove the cattle from the west part of section 16 onto section 17, while Hardman's son who did this driving of the cattle testified on behalf of his father that he drove them from section 16 through a part of section 9 onto section 8, a government section. This is about the only conflict in any material part of the testimony. It was agreed at the trial that the value of pasturage for cattle in that section of the country was twenty-five cents per head per month.

The court, over the objection of counsel for Hardman, instructed the jury as follows: "The jury are instructed to find for the plaintiff, James King, Sr., upon the two causes of action of his petition, and to assess such damages under each cause of action as they shall find from the evidence that said plaintiff is entitled to for trespasses alleged in the said causes of action of his petition." This was the only instruction given to the jury except one as to interest. Counsel for Hardman requested the court to instruct the jury that, "Under the evidence the plaintiff cannot recover anything upon the first cause of action. You are, therefore, instructed to find for the defendant upon that cause of action." A like instruction was requested as to the second cause of action. Counsel for Hardman also requested the court to give the following instructions: "The plaintiff cannot recover for any damage done by the defendant's cattle to the plaintiff's lands or for any grass consumed by them except such as may have been caused by the act of the defendant, or his agent, in driving, herding or keeping his cattle upon plaintiff's lands." Also, "The law does not allow recovery for damages caused by straying cattle. It is the duty of the land owner to fence against them. Only where cattle are herded, put or kept by the owner upon another's land, can there be any such recovery." A number of other instructions embracing the same idea as in the last

two above set out, but in different language, were re-
quested. The court refused to give any of the instructions
so requested. To the giving of the instruction which was
given, and to the ,refusal of the court to instruct as re-
quested, counsel for Hardman duly excepted and assigns
such giving and refusal as error. It was also made a
ground in the motion for a new trial that the verdict was
not sustained by sufficient evidence.

The theory of counsel for defendant in error seems to be
that all he was required to do was to show that the cattle
were upon the land and that that constituted a trespass for
which King was entitled to recover damages unless Hard-
man could justify by proving that the cattle had strayed
there from the adjoining lands; and this seems to have been
the view taken by the court. It is settled in this state that
no actionable trespass is committed upon unenclosed lands
by reason of cattle straying thereon from adjoining lands.
(Cosgriff Bros. v. Miller, 10 Wyo., 190; Martin v. Platte
Valley Sheep Co., 12 Wyo., 432; Haskins v. Andrews,
12 Wyo., 458.) In this case the lands of King must be re-
garded as unenclosed. They were not separated from the
government lands nor from said homestead by a fence, and
King could acquire no right to the exclusive possession of
the government lands by reason of having unlawfully en-
closed them with his own, nor could he by such enclosure
deprive Hardman or anyone else from peaceably turning
cattle thereon. (Clemmons v. Gillette, 83 Pac., 879.) He
did not own the fence or the bars through which the cattle
were driven into the enclosure nor the land upon which they
were turned loose. In order therefore to make out a case
of trespass under such circumstances it was necessary for
him to allege and prove that the cattle were put upon his
land, and it was not sufficient to show that they had been
put on adjoining lands and were afterwards found on
his land. (Merritt v. Hill, 104 Cal., 184; Walker v. Bloom-
ingcamp, 34 Ore.,. 391.) The burden was upon King to
prove a trespass, and to do so he offered evidence that at

one time the cattle were driven by Hardman's son from section 16 to section 17, thus tending to show that they were being herded and kept on his land. To negative the holding or herding Hardman introduced evidence that they were not so driven but were being driven from King's lands onto the government land. This evidence was not in the nature of a justification but in denial of a herding of the cattle on King's land and was admissible under the general denial, and the question as to which of these statements was true should have been submitted to the jury under proper instructions. If the former was true King would be entitled to recover such damages as the evidence showed he sustained by such wrongful act; but, on the other hand, if the cattle had strayed onto King's land and were simply being driven therefrom, that fact would not constitute an actionable trespass for which he could recover damages.

The District Court erred in giving the peremptory instruction to the jury to find for King on both causes of action and in refusing to instruct to find for Hardman on the first cause of action and in refusing to instruct that King could not recover for any damages done by cattle straying upon his unenclosed lands from adjoining lands.

For the errors above pointed out the judgment of the District Court is reversed and the cause remanded for a new trial.                              Reversed.

POTTER, C. J., and SCOTT, J., concur.

#### ON PETITION FOR REHEARING.

SCOTT, JUSTICE.

Defendant in error has filed a petition for rehearing. His chief contention is that he was the owner of the fence and bars through which the cattle were driven into the enclosure. This question was considered in the opinion filed, besides, the record fails to disclose any evidence or claim of title by him to the fence or the bars or the land upon which they were situated. The fence and bars through which

the cattle were turned into the enclosure were located and upon land covered by a homestead filing and for which act the entryman did not complain, nor could King, he being a stranger to the title. In so far as King's rights were concerned the cattle were then lawfully within the enclosure which included unappropriated public land and if they strayed or roamed at will upon and depastured deeded or leased land no trespass was committed and Hardman also had the undoubted right to have his cattle, they being lawfully within the enclosure, graze upon the unappropriated public lands therein. (Hecht v. Harrison, 5 Wyo., 279.) No question is presented in the petition which was not carefully considered in the opinion filed.

Rehearing denied.

POTTER, C. J., and BEARD, J., concur.