**R.O. CORPORATION, Appellant
(Defendant),**

v.

**JOHN H. BELL IRON MOUNTAIN
RANCH COMPANY, Appellee
(Plaintiff).**

No. 89–56.

Supreme Court of Wyoming.

Oct. 26, 1989.

Stanley K. Hathaway and Rick A. Thompson of Hathaway, Speight, Kunz, Trautwein and Barrett, Cheyenne, for appellant.

Robert G. Pickering and Henry F. Bailey, Jr. of Bailey, Pickering & Stock, Cheyenne, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

This is an appeal from an award of damages to appellee John H. Bell Iron Mountain Ranch Company on the basis of the unjust enrichment of appellant R.O. Corporation for permitting its livestock to run at large on the unfenced pastures of appellee.

We reverse.

Appellant presents the following issues for our consideration:

## I.

Did the trial court commit error by awarding damages under an equitable theory of unjust enrichment when a specific rule of law prohibits those damages?

## II.

If unjust enrichment does apply, did the trial court use the proper measure of damages?

Appellee commenced this action on October 29, 1987, by filing a complaint which alleged that appellant knowingly and intentionally grazed cattle upon appellee's land. The complaint also alleged that appellant refused to remove the cattle after appellee's demand, resulting in appellee's entitlement to a grazing fee in excess of $20,000. Appellant's motion to dismiss was converted to a motion for summary judgment and

denied after the court concluded that genuine issues of material fact existed involving the fence-out doctrine. Appellant answered appellee's complaint, alleging several defenses in addition to the fence-out doctrine. The matter was tried before the court on November 9, 1988, on appellee's trespass theory.

The evidence produced at trial revealed the following relevant facts. Appellant is the owner of ranch land in Albany County, Wyoming, commonly referred to as the Peden Ranch. Appellee is the owner of contiguous ranch lands commonly referred to as the Pasco Ranch. Prior to 1987, Marie J. Bell owned both ranches, and they were operated as a single family unit. A complete division fence was not maintained between the ranches. In 1987, the parties inherited their respective ranches and operated them as separate units.

Appellant contracted with Byron Nelson in May 1987 to pasture Nelson's cattle on appellant's ranch during the 1987 grazing season for the receipt of twelve and one-half cents per pound of weight gain. Appellant released approximately 543 Nelson heifers onto his ranch lands on or about July 5, 1987, and removed them on or about September 15, 1987. During the grazing season, the Nelson heifers migrated onto and depastured approximately two sections of appellee's unfenced lands which joined and were enclosed by appellant's land.

Appellee's agent, John Morris, testified that the Nelson heifers strayed onto his land because his land had better water and grass; that he did not put his cattle onto these two sections because, "You can't tell a cow where to go and where not to go," and he did not want his cattle to drift onto appellant's land; and that he demanded that the Nelson heifers be removed, but Melvin Wright, appellant's agent, refused, stating, " 'I need the grass and I'm going to use it.' "

Melvin Wright testified that, when he released the Nelson heifers onto the lands controlled by appellant, he felt the heifers would graze appellee's unfenced pasture and that, when he was confronted by John Morris, "I told him that's the only way I could use my grass, was to put the cattle on it."

On February 13, 1989, the court entered judgment for appellee in the amount of $6,000, finding that, while appellee failed to prove its trespass claim, the evidence supported an award on the theory of unjust enrichment. In its decision letter of December 14, 1988, which was incorporated by reference into the order and judgment, the court stated in part:

Plaintiff had the burden to prove that the defendant intentionally drove and kept his cattle onto plaintiff's property. Under Wyoming case law there is no trespass when animals lawfully running at large wander upon and depasture the unenclosed lands of a private owner—this generally known as the Wyoming "fence out doctrine." Plaintiff has not met his burden of proving a knowing and intentional trespass. The most telling evidence came in the form of testimony from John Morris who said, "You can't tell a cow where to go and where not to go." This testimony forms the basis and rational for the age old "fence out" doctrine in Wyoming. To rule in favor of the plaintiff in this case on the trespass theory would do violence to this rule of law. The evidence does, however, support an award for the plaintiff on a theory of unjust enrichment.

* * * Here, the defendant continued to depasture plaintiff's property after having been notified that the cattle were present on plaintiff's land and consuming plaintiff's grass. Notwithstanding the notification, the defendant continued the depasturization thus deriving a benefit at plaintiff's loss.

All the requisite elements of unjust enrichment are met in this case. Defendant was enriched; plaintiff was impoverished; the connection between the enrichment and impoverishment is identical; after receiving notice, defendant was no longer justified in continuing the depasturization and since Wyoming's "fence out" law does not provide a remedy at law, then the court's equity jurisdiction is triggered.

■ It is firmly settled in Wyoming that no trespass or liability for damages exists when livestock running at large stray upon and depasture the unenclosed lands of a private owner. *Hardman v. King,* 14 Wyo. 503, 85 P. 382 (1906); *Haskins v. Andrews,* 12 Wyo. 458, 76 P. 588 (1904); *Martin v. Platte Valley Sheep Company,* 12 Wyo. 432, 76 P. 571 (1904); *Cosgriff Brothers v. Miller,* 10 Wyo. 190, 68 P. 206 (1902). This is commonly known as the "fence-out doctrine."

In the decision letter denying appellant's motion to dismiss, the court stated that our case law has carved out an exception to this rule, and:

> It seems the exception to the general rule applies when the owner of cattle has knowledge of the presence of his cattle on his neighbor's land and knows that his neighbor objects and over his objection the cattle owner expresses his intention to continue the depasturage. At that point, the cattle do not appear to be "strays" and an actionable trespass lies. They are not strays in the sense that the cattle are no longer "roving about at their own will." It is the exertion of the will of the cattle owner to permit them to remain on the neighbor's land with the expressed determination to continue the depasturage that takes the case *out* of the general rule.

(Emphasis in original.) We disagree that *Cosgriff Brothers* and its progeny carved out such an exception to the fence-out rule. The court in *Cosgriff Brothers,* 10 Wyo. at 223, 68 P. 206 (quoting *Harrison v. Adamson,* 76 Ia. 337, 41 N.W. 34, 35 (1888)), merely pointed out that:

> "[I]t is quite a different thing when *cattle not running at large,* but in the charge and under the control of a herdsman, the employee and agent of their owner *are driven and kept upon unenclosed land* against the will of the land owner, and with full knowledge of the owner of the cattle. *In that case the trespasser* takes and appropriates the use of the land for pasture, and *is held by the law liable therefor.*"

(Emphasis added.) In this case, the court went beyond carving out an exception to the fence-out doctrine when it ruled that an owner of cattle is liable for damages under the equitable theory of unjust enrichment if the owner's stray cattle depasture the unfenced land of a neighbor and if he knowingly permits them to remain against the neighbor's will.

In *Martin,* 12 Wyo. at 454, 76 P. 571, we stated:

> Every person knows that his cattle and horses permitted to run at large are liable to roam upon and depasture unenclosed premises. One who turns cattle upon his own unenclosed ground to graze at will must know that they will probably wander upon the adjoining unenclosed premises of his neighbor, if there be such; and yet that fact has not been deemed sufficient to constitute him a wilful trespasser. It is in just such cases, under the doctrine prevalent here, that the owner of the animals has been held not liable for the injury claimed by them.

In *Rocky Mountain Turbines, Inc. v. 660 Syndicate, Inc.,* 623 P.2d 758, 763 (Wyo. 1981), and in *Bereman v. Bereman,* 645 P.2d 1155, 1160 (Wyo.1982), we quoted with approval the statement from 66 Am.Jur.2d, *Restitution and Implied Contracts* § 3 at 945 (1973), that:

> The phrase "unjust enrichment" is used in law to characterize the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor. It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, *and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly.*

(Emphasis added.) *See also Horseshoe Estates v. 2M Company, Inc.*, 713 P.2d 776 (Wyo.1986). Clearly, the award of damages under the theory of unjust enrichment frustrates and violates the fence-out doctrine and is in opposition to the public policy upon which that doctrine is founded.

■ Appellee contends that the award of damages was proper under a "use and occupation" cause of action even though it is not entitled to damages in its trespass action. For this proposition, appellee cites *Haskins*, 12 Wyo. at 472, 76 P. 588, wherein it is stated:

> [W]here the cattle owner takes and holds exclusive possession of the unfenced lands of another situated in the same general enclosure with his own land, and by depasturing the same with his cattle appropriates to himself the benefits thereof, he will be liable for the value of the use and occupation of the premises.

Appellee did not plead such a cause of action, nor was the case presented or tried on that theory. The court did allow appellee to recover damages under the doctrine of unjust enrichment after determining that all the requisite elements were met. The court, however, did not find that the requisite elements to recover under use and occupation were met, particularly the essential element of exclusive possession, and we will not do so on appeal. We have previously stated that issues not raised or argued to the trial court will not be considered for the first time on appeal. *Doud v. First Interstate Bank of Gillette*, 769 P.2d 927 (Wyo.1989); *Thatcher & Sons, Inc. v. Norwest Bank Casper, N.A.*, 750 P.2d 1324 (Wyo.1988).

We hold that the court erred as a matter of law when it awarded appellee damages under the equitable theory of unjust enrichment. Our holding negates the necessity to determine whether there was a proper measure of damages.

Reversed.