**James Albert COONES, Appellant (Defendant/Counterclaimant),**

v.

**The FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Stockmens Bank and Trust Company, Appellee (Plaintiff/Defendant).**

No. 94–134.

Supreme Court of Wyoming.

May 3, 1995.

Stephen R. Winship of Donald R. Winship & Associates, P.C., Casper, for appellant.

Charles E. Graves of Graves & Villemez, P.C., Cheyenne, for appellee.

Before GOLDEN, C.J., THOMAS, MACY and LEHMAN, JJ., and HANSCUM, D.J.

MACY, Justice.

Appellant James Coones appeals from a summary judgment which was entered in favor of Appellee Federal Deposit Insurance Corporation (the FDIC) as the receiver for the Stockmens Bank and Trust Company. The district court determined that Coones could not collect damages from the FDIC for its failure to provide a reasonable notice of the sale of repossessed cattle and that moneys expended by Coones while he was acting as a debtor-in-possession during the bankruptcy proceedings in order to preserve and enhance the FDIC's collateral were not recoverable.

We affirm.

### Issues

Coones presents three issues for our review:

1. Whether a borrower may seek damages from a secured creditor pursuant to W.S. § 34.1–9–507(a) when that secured

creditor's violation of the Uniform Commercial Code has caused it to be denied any recovery of a deficiency.

2. Whether Appellant may recover the expenses he incurred as a Chapter 11 Debtor–In–Possession from the collateral of FDIC.

3. Whether summary judgment was appropriate for determination in view of the equitable nature of the relief sought by Appellant.

### Facts

A comprehensive statement of the facts and pleadings in this case is articulated in *Coones v. Federal Deposit Insurance Corporation*, 848 P.2d 783 (Wyo.1993). Coones procured loans in 1986 from the First National Bank of Sheridan, Wyoming, and the Stockmens Bank and Trust Company of Gillette, Wyoming, to finance the operation of his farming and ranching business. He secured these loans with oil field equipment, livestock, crops, and farm equipment. Shortly thereafter, both banks failed, and the FDIC acquired the banks' assets. These assets included the promissory notes and security agreements delivered by Coones to the banks in consideration for the loans.

During this same time period, Coones was experiencing severe financial difficulties and could not make the scheduled loan payments to either the First National Bank or the Stockmens Bank and Trust Company. On October 20, 1988, Coones filed a petition in the United States Bankruptcy Court for the District of Wyoming for relief under Chapter 11 of the Bankruptcy Code. On March 29, 1990, after protracted litigation, the bankruptcy court dismissed Coones's Chapter 11 proceedings.

The FDIC proceeded with an action in the district court to obtain a judgment on the bank notes and to foreclose on the collateral which secured the notes. Coones filed a separate action against the FDIC for reimbursement of the expenditures he had made while he was caring for and maintaining the FDIC's collateral which was in his possession. The district court's decisions in these cases led to three appeals being filed, all of which were consolidated in *Coones*, 848 P.2d

783. This Court held in that case that the FDIC was not entitled to a deficiency judgment against Coones because the FDIC had not given proper notice to Coones of the sale of the foreclosed property and of his right to redeem the property. 848 P.2d at 803–04. We also held that Coones was not entitled to recover anything in state court from the FDIC under § 506(c) of the Bankruptcy Code for the expenditures he had made in preserving and maintaining the livestock and equipment which were in his possession during the bankruptcy proceedings. 848 P.2d at 805. The Court did, however, remand this case to the district court for a determination of whether Coones was entitled to assert an agister's lien for maintenance of his cattle and equipment. 848 P.2d at 807.

On remand, the district court granted a summary judgment in favor of the FDIC. In its decision letter, the district court found that Coones's § 506(c) claim was not cognizable in state court. It next considered Coones's claim under Wyo.Stat. § 29–7–101 (Supp.1994) and found that the statute was not broad enough under the circumstances of this case to allow the owner of secured collateral to obtain an agister's lien on his own property for the services which he had performed for the benefit of that property during his own voluntary bankruptcy. Finally, the district court considered Wyo.Stat. § 34.1–9–507 (1991) and found that this statute did not provide Coones with a basis for recovery since this Court had already awarded relief to Coones by barring the FDIC from recovering a deficiency judgment on Coones's promissory notes and that an additional award would result in an impermissible double recovery for Coones.

Coones moved for a reconsideration, which the district court denied, and he appealed to this Court.

### Damages for Deficiency of Notice

Coones contends that § 34.1–9–507(a) allows him to recover "any loss caused by a failure to comply with the provisions of this part" in addition to the remedy already provided by this Court; i.e., the absolute bar of recovery by the FDIC of a deficiency judg-

ment on Coones's promissory notes. " 'In Wyoming, the secured party's compliance with the notice obligations of § [34.1–]9–504(c) is a condition precedent to the recovery of a deficiency.' " *Hess v. Thomas,* 851 P.2d 10, 12 (Wyo.1993) (quoting *Coones,* 848 P.2d at 802). "The policy behind this court's adoption of the absolute bar approach is that it furnishes the most definite deterrent to noncompliance." *Coones,* 848 P.2d at 802.

In arguing for an expansive interpretation of Wyoming's creditor liability laws, Coones loses sight of the equitable limitations which must be imposed upon the "any loss" language found in § 34.1–9–507(a). The FDIC was not entitled to recover a personal judgment on both the full amount of the promissory notes and the collateral itself. 848 P.2d at 803. Similarly, Coones has received the benefit of not having to pay a deficiency judgment. *Id.* Further recovery would be tantamount to a double recovery, which is not favored by the courts. *Reynolds v. Tice,* 595 P.2d 1318, 1324 (Wyo.1979).

Coones does not assert that giving proper notice to him of the foreclosure sale would have yielded a greater amount than was actually received at the sale or that his alleged damages exceeded the amount of the barred deficiency. Since the amount of Coones's alleged damages did not exceed the amount of the deficiency, a judgment for damages would be an impermissible double recovery. *See, e.g., Topeka Datsun Motor Company v. Stratton,* 12 Kan.App.2d 95, 736 P.2d 82, 90 (1987); *Lamb Brothers, Inc. v. First State Bank,* 285 Or. 39, 589 P.2d 1094, 1102–03 (1979).

### Recovery of Expenses Incurred

Coones contends that he is entitled to impose an agister's lien on his own property. He states that "nothing in the language of W.S. 29–7–101 would deny an owner of property the right to file a lien against his own property."

Section 29–7–101(a) provides:

(a) Any person is entitled to a lien on any goods, chattels or animals for his reasonable charges for work or services performed or feed provided when he:

(i) Makes, alters, repairs, bestows work upon, transports, stores or keeps the same; or

(ii) Feeds, herds, pastures or cares for any domestic or wild animal lawfully held in captivity.

This lien "shall be prior to all other liens, encumbrances and security interests if the property claimed is in possession of the lien claimant." WYO.STAT. § 29–7–106(a) (1981).

Determining the lawmakers' intent is our primary focus when we interpret statutes. *State Department of Revenue and Taxation v. Pacificorp,* 872 P.2d 1163, 1166 (Wyo.1994). Initially, we make " 'an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to each word, clause, and sentence, and we construe together all parts of the statute *in pari materia.* 845 P.2d at 1042.

We note that "[l]ien statutes create remedies in derogation of common law and must be strictly construed." *Burg v. Ruby Drilling Co., Inc.,* 783 P.2d 144, 152 (Wyo. 1989) (citing *Cities Service Oil Company v. Pubco Petroleum Corporation,* 497 P.2d 1368, 1371–72 (Wyo.1972)). We will not extend the scope of statutory lien laws. *American Buildings Company v. Wheelers Stores,* 585 P.2d 845, 847 (Wyo.1978).

The lien described in § 29–7–101(a) is referred to as an agister's lien. *Coones,* 848 P.2d at 804–05. An agister is defined as being a "person engaged in the business of pasturing of cattle as a bailee in consideration of an agreed price to be paid by owner of cattle." BLACK'S LAW DICTIONARY 61 (5th ed. 1979). A lien is defined as being a "[r]ight to enforce charge upon property of another for payment or satisfaction of debt or claim." *Id.* at 832. "A lien may be created only by statute or contract and the courts may not choose to recognize a lien absent its creation through one of these enumerated

ways." *Sheridan Commercial Park, Inc. v. Briggs,* 848 P.2d 811, 815 (Wyo.1993).

A reasonable construction of § 29–7–101(a) rejects Coones's attempt to impose an agister's lien upon his own property. The meanings of "lien" and "agister" limit the scope of who may assert a claim against secured property. Under the plain and ordinary language contained in § 29–7–101(a) and § 29–7–106(a), only a third-party creditor, and not the owner, may impose a lien upon the secured property.

The contractual language contained in the security agreements also clearly prohibited the imposition of a lien upon the secured property. Coones's security agreement with the First National Bank provided: "The Debtor shall keep the collateral free from all liens, claims, charges, encumbrances, taxes and assessments." The security agreement with the Stockmens Bank and Trust Company contained similar language:

1. Borrower is the owner of the Collateral free from any prior lien, security interest or encumbrance, except for the Security Interest granted herein. . . .

2. Borrower will not sell or offer to sell or otherwise transfer or encumber the Collateral or any interest therein without the prior written consent of the Lender. . . .

### Summary Judgment

Coones alleges that, in light of the fact-specific nature of his unjust enrichment claim, summary judgment was inappropriate.

The doctrine of unjust enrichment provides for the recovery of damages on a contract implied in equity. *State v. BHP Petroleum Company, Inc.,* 804 P.2d 671, 672 n. 3 (Wyo.1991).

" 'The phrase "unjust enrichment" is used in law to characterize the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor. It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly.' "

*R.O. Corporation v. John H. Bell Iron Mountain Ranch Company,* 781 P.2d 910, 912 (Wyo.1989) (emphasis omitted) (quoting 66 Am.Jur.2d, *Restitution and Implied Contracts* § 3 at 945 (1973)).

804 P.2d at 672–73. A party who is seeking damages on the basis of unjust enrichment must prove four elements:

"(1) Valuable services were rendered, or materials furnished,

"(2) to the party to be charged,

"(3) which services or materials were accepted, used and enjoyed by the party, and,

"(4) under such circumstances which reasonably notified the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged. Without such payment, the party would be unjustly enriched."

*Zitterkopf v. Bradbury,* 783 P.2d 1142, 1144 (Wyo.1989) (quoting *Johnson v. Anderson,* 768 P.2d 18, 25 (Wyo.1989)). *See also Bowles v. Sunrise Home Center, Inc.,* 847 P.2d 1002, 1004 (Wyo.1993).

Coones fails to cite authority or present a cogent argument which supports his unjust enrichment claim. " 'It is not the function of this court to frame a party's argument. This court has consistently refused to consider positions which are not supported by cogent argument or pertinent authority.' " *McNeiley v. Ayres Jewelry Co.,* 886 P.2d 595, 597 n. 2 (Wyo.1994) (quoting *Campbell v. Department of Family Services,* 881 P.2d 1066, 1069 n. 2 (Wyo.1994) (citations omitted)).

### Conclusion

We hold that the district court did not err when it granted a summary judgment in favor of the FDIC.

Affirmed.