## DUFFEES v. JUDD.

1. **Stock:** DAMAGE BY: PARTITION FENCE. The fact that stock is prohibited from running at large in a county does not relieve the land owner from the duty of maintaining partition fences, and if he suffer damage resulting from his neglect of his fences, he cannot recover therefor from the owner of the stock causing the damage.

2. ——: APPEAL: JURISDICTION. Upon an appeal from an assessment of damages by the township trustees, not only the amount of damages awarded by the trustees, but also the question as to whether the claimant is entitled to damages at all, may be considered.

3. **Evidence:** ORDER OF INTRODUCTION: TRIAL. The order of introduction of testimony rests largely within the discretion of the trial court, and appellant must show that he suffered prejudice by the exercise of that discretion before he can claim relief.

Duffees v. Judd.

*Appeal from Poweshiek Circuit Court.*

FRIDAY, APRIL 19.

ON the 5th day of December, 1874, there was filed in the office of the township clerk of Pleasant township, Poweshiek county, by the township trustees, their assessments of the damages sustained by the plaintiff by the trespassing of defendant's cattle, as follows:

"We, the undersigned, trustees of Pleasant township, in Poweshiek county, State of Iowa, having been called on this day by Alexander Duffees to appraise the damage done to him by about one hundred and fifteen head of cattle which he had distrained for damages done to him, do hereby certify that we have this day visited the damaged premises, and report that said Duffees has sustained damages from the trespassing of said cattle in the sum of seventy dollars. We further fix the amount of pay to which said Duffees is entitled per day for keeping said stock, from the time of distraining till the day of sale, at seven dollars per day. We have also fixed the day when said stock, or so much thereof as shall be necessary to pay the damages and costs of keeping, shall be sold, as Tuesday, the 15th day of December, A. D. 1874, at 2 o'clock P. M., at the yard of Alexander Duffees, where said cattle are distrained; and we have this day posted up notices of said sale in three conspicuous and public places in said township of Pleasant. Witness our hands this 5th day of December, 1874."

On the 7th day of December, 1874, the defendant filed in the office of the township clerk of said township his appeal bond in the sum of two hundred dollars, and on the same day he gave notice of appeal from the assessment of damages. The cause came on for trial in the Circuit Court before a jury, and a verdict was returned for the defendant.

The plaintiff appeals.

Duffees v. Judd.

*Clark Varnum,* for appellant.

*Wm. R. Akers* and *Wm. R. Lewis,* for appellee.

DAY, J.—I.   The bill of exceptions shows the following facts :   "The plaintiff offered testimony tending to show that
1. STOCK: damage by: partition fence.
under chapter 70 of the Acts of the Fifteenth General Assembly, and chapter 3, of title 11, of the Code of 1873, the question of restraining stock from running at large between sunset and sunrise had been adopted in Poweshiek county by a vote of the electors of said county, at the general election of 1874, and for that purpose offered in evidence the journal of the board of supervisors of Poweshiek county, one of the record books of the county, to the introduction of which the defendant objected, for the reason that there was no claim or evidence tending to show that the cattle were running at large, but the evidence was that the cattle broke into the plaintiff's inclosure from an adjoining inclosure, and through the division fence separating plaintiff and said adjoining inclosure, and because immaterial; and which objection was sustained by the court, and the journal of the board of supervisors and records excluded, to which ruling of the court the plaintiff at the time excepted."   The plaintiff assigns this action of the court as erroneous.   As we have not the evidence before us, we must presume, in favor of the ruling of the court, that the objection which defendant made to the introduction of this testimony did in fact exist, and that there was no evidence tending to show that the cattle were running at large, but that, upon the contrary, the evidence showed that the cattle broke into plaintiff's inclosure from an adjoining inclosure, through the division fence separating plaintiff and said adjoining inclosure.   The position of appellant seems to be, that cattle are running at large whenever they pass from the inclosure of the owner upon an adjoining inclosure, although they may pass through the portion of a partition fence which belonged to an adjoining owner, and

which he had neglected to maintain in repair; and that, if the county has adopted provisions prohibiting stock from running at large, the owner of stock escaping into an adjoining inclosure, in the manner above indicated, is liable for all damage occasioned. In other words, the position of appellant is, that where stock is prohibited from running at large, there can no longer be any duty to maintain partition fences, and that every owner, at his peril, must see to it that his stock is kept upon his own premises. We are satisfied that this position of appellant is not correct. Where lands are in fact inclosed, the duty of maintaining partition fences between them is the same in counties where stock is prohibited from running at large, as in counties where no such prohibition exists. Section 1508 of the Code provides, "that all the provisions of this chapter in relation to partition fences shall be alike applicable to counties or townships having restrained, or which may restrain, stock from running at large." The wisdom of this provision is very apparent. Suppose a party, in a county where stock is prohibited from running at large, for the purpose of pasturage, incloses forty acres of land in connection with an adjoining forty owned by his neighbor, and used for agricultural purposes. He has the same right to use his forty for a pasture that his neighbor has to use his for raising corn, and it is but equitable that his neighbor shall build half the division fence. If, then, such partition fence has been built, and the stock lawfully upon one inclosure escapes upon the other inclosure, and does damage, because of the neglect of the injured party to maintain his portion of the partition fence, is the owner of the stock liable therefor? Section 1448 of the Code determines this question. It provides: "When any person is injured in his lands by any kind of domestic animal, he may recover his damages by an action against the owner, or by distraining the animals doing the damage; but, if they were lawfully upon the adjoining land, and escaped therefrom in consequence of the neglect of the person suffering the damage to maintain his part of the division fence,

the owner of the animals shall not be liable for such damage."
It does not appear that in the rejection of the evidence there
was any error.

II. On the trial of the cause the defendant offered evidence tending to show that the cattle distrained were lawfully upon the adjoining inclosure, and that they escaped from such inclosure of plaintiff through a fence which was not a lawful fence. The plaintiff objected to this testimony for the following reasons: "1. That the only question for the jury to determine in the appeal from the assessment of damages by the township trustees is the amount of damages sustained. 2. Because it was conceded, and not contradicted in the testimony, that the cattle had trespassed on plaintiff's lands, and done damage thereon, between sunset and sunrise, and because plaintiff was not bound to maintain a partition fence against stock trespassing in the night-time, under chapter 70 of the Acts of the Fifteenth General Assembly, and chapter 3 of title 11 of the Code of 1873." The court overruled these objections, and admitted the testimony. The bill of exceptions recites that there was no evidence that the cattle had broken into plaintiff's inclosure through an outside fence.

1. Appellant insists that, upon an appeal from an assessment of damages by the township trustees, it must be admitted that the conditions exist which entitle the plaintiff to some damages, and that the only question to be reviewed is the amount of damages allowed. In other words, that upon such appeal it cannot be shown that the damage was all occasioned because of the neglect of the injured party to maintain proper fences. Appellant insists that the question of the sufficiency of the fences can be raised only in an action of replevin for the property distrained. This position is not correct. The township trustees are fence viewers. Code, § 393. The determination by the township trustees that a party has sustained a given amount of damage by trespassing

2. ——:
appeal: juris-
diction.

Duffees v. Judd.

animals involves, necessarily, the conclusion that he is in a position which entitles him to some damages. Upon appeal this conclusion, as well as the one respecting the amount of damage, may be reviewed. 2. The other objection, respecting the obligation of the plaintiff to maintain a partition fence, has already been considered. In the admission of the proffered testimony there was no error.

III. The plaintiff introduced evidence tending to show that he had been damaged by defendant's cattle trespassing on his 3. EVIDENCE: improved lands between sunset and sunrise, as well order of intro-duction: trial. as in the daytime, and then offered testimony tending to show the amount of damages he had sustained by reason of the cattle of defendant trespassing on his lands, to which defendant objected, for the reason that the plaintiff had not proven that the damages were done within and upon the lands of plaintiff inclosed by a lawful fence, which objection was sustained by the court and the evidence excluded; but after the plaintiff had introduced evidence tending to show the condition of the fence, all of the foregoing evidence was admitted. This action of the court is assigned as error. The order of the introduction of testimony rests largely in the discretion of the *nisi prius* court, and as this testimony was all ultimately admitted, it is difficult to see how the appellant was prejudiced by the ruling. The same position is taken by appellant here as in the former objections, that if stock was prohibited from running at large defendant is liable, although the stock passed from his inclosure upon plaintiff's premises through a partition fence which plaintiff had neglected to maintain in proper condition. This position has already been sufficiently considered.

IV. Appellant assigns as error the refusal of the court to give certain instructions asked as to the rights and duties of the parties if they had agreed not to repair and keep up the division fence between them. We have none of the evidence in the abstract, nor does it, in any manner, appear that any evidence was introduced tending to prove such an agreement.

It does not, therefore, appear that there was any error in refusing to give the instructions asked.

The record discloses no error.

AFFIRMED.