|  |  |
|---|---|
| 86 | 693 |
| 134 | 687 |

---

T. W. HARRISON, Appellee, v. WILLIAM S. ADAMSON *et
al.*, Appellants.

1. **Trespass:** GRAZING OF CATTLE UPON UNINCLOSED WILD LAND:
DAMAGES.   Where cattle are herded upon uninclosed wild land against
the will of the owner, the latter will not be restricted in an action for
damages to the recovery of nominal damages only, because other cat-
tle than those of the defendant were occasionally upon the land for
brief periods, but will be entitled to recover the difference in the
market value of the grass crop by reason of such use, during the time
the cattle were so herded, and what it would have been had the cat-
tle not been herded thereon; and also the difference in the market
value of the land immediately before and after the cattle had been
thus herded; to the extent that such difference in values was due to
the injury done by the defendant's cattle.

2. ——: ——: ——: INSTRUCTIONS TO JURY.  Although the only
evidence of any difference in the market value of the land was that
the land had been permanently damaged in a sum stated, *held*, that
an instruction to the jury in relation to such damages was warranted;
the defendant having made no objection to the form in which the evi-
dence was introduced.

3. **Practice in Supreme Court:** RECORD: COSTS.  Where a
transcript of the record is made necessary by the appellant's denial
of the correctness of appellee's amendment to the appellant's
abstract, and the amended abstract is found to contain evidence
omitted in the abstract of the appellant, and to correct a mistake
appearing therein, the costs of such amended abstract and of the
transcript will not be taxed to the appellee.

*Appeal from Palo Alto District Court.*—HON. LOT
THOMAS, Judge.

TUESDAY, OCTOBER 25, 1892.

ACTION at law to recover damages of the defend-
ants for herding cattle upon certain wild and unin-
closed land, by reason of which the grass thereon was
pastured and permanently injured and practically
destroyed.  There was a trial by jury, and a verdict
and judgment for the plaintiff. The defendants appeal.
*Affirmed.*

*Soper, Allen & Morling,* for appellants.

*T. W. Harrison, pro se.*

ROTHROCK, J.—I.  The plaintiff is the owner of a
section of wild land in Palo Alto county.  In the years

1. TRESPASS: 1886 and 1887 the defendants were the
grazing of cat-
tle upon unin- owners of a herd of three hundred and
closed wild
land: dam- fifty cattle, which were kept in the neigh-
ages. borhood of the plaintiff's land.  The evi-
dence shows beyond question that in the pasturing sea-
sons of 1886 and 1887 these cattle were not permitted to
run at large, but were kept and herded upon uninclosed
wild land, and attended and restrained by a herder.  It

further appears that in both of said years they were for part or all of the herding season kept and herded on the plaintiff's land, and that by reason of the land grazed for the two years the prairie grass was greatly damaged, so that much of the land grew up with weeds. Some time before the year 1886 the plaintiff caused one rod in width around his land to be plowed and broken up, and there was evidence sufficient to warrant the jury in finding that the damage done by the defendants' cattle was with full knowledge on the part of the defendants that the plaintiff objected to and protested against the use of his land by the defendants.

This case has once before been in the court upon an appeal from an order overruling a demurrer to the plaintiff's petition. See 76 Iowa, 337. We held on that appeal that where cattle not running at large, but in charge of the owner or his agent, are driven and kept upon the uninclosed land of another against his will, the owner of the cattle is liable to the owner of the land for the damage to the grass growing on the land. The cause was tried upon its merits in the light of the opinion upon the former appeal, and without setting out the evidence we may say that the jury were fully warranted in finding that the defendants were liable for what damage was done by their cattle. This disposes of the question that the verdict is not supported by the evidence.

II. It is claimed in behalf of the appellants that the instructions given by the court to the jury on the measure of damages are erroneous. Those complained of are as follows:

"The measure of the plaintiff's damage for the loss or injury to the grass for the years 1886 and 1887, if you find that he has sustained any damages in that regard, will be the actual damage done to the grass crop for these years by the defendants' cattle; that is, the difference

2. —: —: —:
instructions to jury.

between the actual market value of the crop upon the land for those years as it was and what its market value would have been had the plaintiff's cattle not been driven or herded or pastured upon the land. To state it in other words, the question for you to determine from the evidence in fixing the amount of damages, if any, on this claim is, how much less was the actual rental value of the land for the grass crop of these years by reason of the defendants' cattle having been driven or herded upon the land than it would have been had the cattle not been driven or herded upon the land? If you find that the plaintiff is entitled to recover in this case, you will ascertain whether he has sustained any damages by reason of any permanent injury to the growth of grass on said land. The plaintiff's damages upon this claim, if he is entitled to recover any, will be such only as injuriously affect the market value of the land, and must be fixed at the difference between the actual market value of the land at the time the defendants' cattle ceased to be herded upon said land and what would have been its market value at that time if the cattle had not been herded or driven upon it at all; or, in other words, the question here to be determined is, how much less, if any, was the land worth in the market by reason of the defendants' cattle having been driven or herded upon the land than it would have been had the cattle not been herded or driven on the land? If you find from the evidence that the plaintiff is entitled to recover damages from the defendants, you will declare the same by your verdict; but, in determining the amount of damages, you must confine the same to the damages committed by the defendants' cattle. You will not allow him for any injuries to the grass on the land that may have been committed by other cattle, nor will you allow him damages for any injuries that may have been committed in prior years, or prior to the time of giving the notice, if one was

given, as has been defined to you in these instructions."

It is claimed that there was evidence that the cattle of other persons trespassed upon the plaintiff's land at the same time that the defendants grazed their cattle thereon, and that, as the defendants did not do all the damage, it was error to instruct the jury that there could be a recovery for more than nominal damages. It is true, the evidence shows that other cattle than those owned by the defendants were at times on the land for brief periods, but it fairly appears that the actual grazing upon the land was done by the defendants' cattle. The claim was that all of the injury was done by the defendants. If they had a partial defense to the action it was incumbent on them to introduce evidence to sustain it. In any event, we think the evidence was sufficient to authorize the instructions complained of.

III. It is further claimed that it was error to give the instruction upon permanent damages to the land, **3. PRACTICE in** because there was no proper evidence of **supreme court: record:** the amount of such damages. The instruc- **costs.** tion upon permanent damages is to the effect that it should be the difference in the market value of the land. It is claimed that there is no evidence as to such value. There was evidence, however, that the land was permanently damaged in the sum of two hundred dollars. It is true, the witness who gave the evidence did not state the value of the land before the grazing and the value afterwards. But the form in which the evidence was put by the witness was not objected to. Indeed, no objection whatever was made and no exception taken to this evidence. The defendants have, therefore, no reason to complain of the form in which the evidence of permanent damage was introduced.

IV. It is urged that the verdict was excessive. We do not concur in this claim. It was for the sum of

two hundred and twenty-seven dollars. There is evidence in the case that the damage was more than the amount of the verdict. The claim of the plaintiff is that the land was mainly valuable for the grass, and that grazing it for two years was a permanent damage, amounting to two hundred dollars; and there is evidence sustaining the claim.

V. The plaintiff filed an amendment to appellant's abstract, in which certain alleged corrections were made, and the claim was also presented that the bill of exceptions was insufficient to preserve the evidence and rulings of the court and exceptions thereto. The appellants, in an abstract in reply, deny the correctness of the appellee's abstract, and, in a motion filed in the case, ask that the costs of the additional abstract, and of the transcript made necessary thereby, be taxed to the appellee. This denial and the motion has made it necessary to examine the transcript to determine whether the additional abstract is untrue. The examination has been made, and we find that the additional abstract is correct. It supplies evidence which was omitted from the appellants' abstract, and corrects one mistake in appellants' abstract. We discover no ground for sustaining the motion to tax costs to the appellee.

The judgment of the district court is AFFIRMED.