In re VALLEY.

(District Court, N. D. Iowa, W. D. July 5, 1902.)

1. PUBLIC LANDS—CONSTRUCTION OF PATENTS—LANDS ABUTTING ON WATER-COURSE.

Grants by the United States of lands abutting on lakes, rivers, or other waters are to be construed, with reference to the quantity conveyed, in accordance with the laws of the state in which the land is situated.

2. SAME—IOWA RULE.

Under the law of Iowa as settled by decision, a deed to lands adjacent to a nonnavigable watercourse, described as certain numbered lots, in accordance with the government survey, which shows the lots as bounded by a meander line along the stream, conveys the land lying between the meander line and high-water mark.

In Bankruptcy. On review of findings of fact and law by the referee with respect to claim of James E. Moore.

Glass, McCulogough & Witmer, for James E. Moore.

Vernon W. Buck, for bankrupt.

SHIRAS, District Judge. Briefly stated, the facts as found by the referee with respect to the claim of James E. Moore are that in May, 1901, the bankrupt, James Valley, entered into a written agreement to sell to James E. Moore the N. W. ¼ of and lots 1 and 2 in section 27, township 97 W., range 35 N., it being represented that these tracts of land contained 321 acres, for which Moore was to pay at the rate of $45 per acre, or, in all, the sum of $14,445; payment therefor to be made by Moore by assuming an incumbrance on the land of $5,800, and by crediting to Valley the difference of $8,645 on a purchase made by Valley of Moore of certain real and personal property, the value of which was fixed at $12,657, thus leaving due to Moore the sum of $4,012, which sum yet remains due and unpaid, and with respect to which no question is made.

The dispute arises over the claim made by Moore that in fact the quantity of land conveyed to him by the deed executed by Valley in pursuance of the contract of purchase above recited is only 241, instead of 321, acres, making a shortage of 70 acres, for which he claims an allowance at the contract price of $45 per acre. The facts found by the referee show that lots 1 and 2 are adjacent on the east to a nonnavigable body of water, known as "Lake Trumbull," and that between the meander line of these lots, as shown upon the original government survey thereof, there is a strip of land containing 44.54 acres, which has been farmed by Valley and his grantors in connection with the land sold to Moore; it being further found by the referee that, when the contract of purchase was entered into between Valley and Moore, both parties understood that the land sold extended to the borders of the lake. In order to prevent conflicts and uncertainties over the title to lands abutting on rivers and lakes, it is the settled doctrine of the supreme court of the United States that the local law of the state wherein the land lies is the guide for all courts,

¶ 2. See Boundaries, vol. 8, Cent. Dig. §§ 121, 122.

state and federal, when called upon to adjudge the extent or limits of the title of premises abutting on rivers, lakes, or other waters. Barney v. Keokuk, 94 U. S. 324, 24 L. Ed. 224; Packer v. Bird, 137 U. S. 661, 11 Sup. Ct. 210, 34 L. Ed. 819; Hardin v. Jordan, 140 U. S. 371, 11 Sup. Ct. 808, 838, 35 L. Ed. 428.

In Hardin v. Jordan it is said:

"In our judgment, the grants of the government for lands bounded on streams and other waters, without any reservation or restriction of terms, are to be construed as to their effect according to the law of the state in which the lands lie."

The rule applicable to a case such as that now under consideration, arising in Iowa, is settled by the decision of the state supreme court in Schlosser v. Cruickshank, 96 Iowa, 414, 65 N. W. 344, wherein, under circumstances similar to those shown in this case, it was held that the plaintiff, holding title under a patent from the United States, in which the land patented was described as "Lots numbered two and three of section thirty, township ninety-seven, of range thirty-four, in the district of lands subject to sale at Sioux City, Iowa, containing ninety-nine acres and eighty hundredths of an acre, according to the official plat of the survey of the lands returned to the general land office by the surveyor general"; the land being adjacent to a lake in Palo Alto county, Iowa,—was in fact a riparian owner, and that he could hold the land between the meander line shown upon the survey and the high-water line of the lake, amounting to about 100 acres.

There is nothing shown in the facts found by the referee in this case which excepts the case from the rule announced by the supreme court of Iowa, and the referee therefore rightly held, as a conclusion of law, that Moore's title could not be limited to the amount of land within the meander line of lots 1 and 2, but that the same would embrace the land between the meander line and the lake, and that Moore was not entitled to claim an allowance, upon the theory that he had obtained title to only the quantity of land embraced within the meander lines.

It is, however, further found by the referee that the total quantity of land conveyed by Valley to Moore, measured by the water line of the tracts, falls short of the 321 acres agreed to be conveyed by the amount of 25.12 acres, and that an allowance for this shortage, at the contract price of $45 per acre, should be made to Moore; thus making the total amount of his provable claim to be the sum of $5,142.40.

The ruling of the referee on this point is also affirmed.