JOEL O. FOSTER v. WILLIAM BUSSEY, Appellant.

**Partition fences:** APPLICATION OF STATUTE. The statue requiring 1  owners of adjoining lands to maintain division fences has no application where the farms are separated by a river.

**Trespassing animals:** DAMAGES. The owner is liable for damages 2  where his cattle escape from his enclosure, in a county where stock is prohibited from running at large, and crossing a nonnavigable stream trespass upon the improved land of another.

**Same:** NOMINAL DAMAGES. Where the stock of different people, including those of defendant, trespass upon the cultivated land of 3  another at different times during the season inflicting injury to the crops and there is no evidence as to the injury caused by defendant's cattle, separate and distinct from the total injury, only nominal damages can be recovered of him.

*Appeal from Bremer District Court.*— HON. J. F. CLYDE, Judge.

SATURDAY, DECEMBER 15, 1906.

ACTION to recover damages caused by defendant's cattle to plaintiff's corn. From judgment against him, the defendant appeals.— *Reversed.*

*Thompson & Schiefelbein,* for appellee.

*Sager & Sweet,* for appellant.

LADD, J.— The plaintiff's farm, consisting of thirty-six and one-half acres, lies along the southeast bank of the Shellrock river.    On the other side is a farm occupied by John Mulvey as tenant.    The defendant's land joins that occupied by Mulvey on the west and north on the same side of the river, and is sixty to eighty rods from the premises of plaintiff. Goodsell owned a tract north of plaintiff's farm and touched the defendant's on the east.    No line fence had been established between the plaintiff's land and that occupied by Mulvey, nor was there any on the east side of the defendant's land; nor was the construction of a fence on the line possible.    The river, though fifteen or twenty rods wide, was nonnavigable, and under all the authorities the title of each riparian owner extended to the thread of the stream.    *Moffett v. Brewer,* 1 G. Greene, 348; *In re Valley,* (D. C.) 116 Fed. 983; *Norcross v. Griffiths,* 65 Wis. 599 (27 N. W. 606, 56 Am. Rep. 642); 30 Am. & Eng. Ency. of Law (2d Ed.) 353, and cases collected.    The water was shallow at some places, but at others deep, and often rose in a short time so that the maintenance of a fence therein or even across it was impossible.    The statute concerning the construction of a partition fence has no relation to such a situation, unless the bottom of the stream is to be regarded as land from which no revenue or benefit is to be derived. Section 2355 of the Code provides that " the respective owners of adjoining tracts of land, except timber land not used otherwise than for the timber thereon, from which each derives a revenue or benefit, shall be compelled to erect and maintain partition fences, or contribute thereto, and keep the same in good repair throughout the year, and if said fence be hedge, the owner thereof shall trim or cut it back

1. PARTITION
FENCES:
application of
statute.

once in two years to within five feet from the ground, unless such owners otherwise agree in a writing to be filed with and recorded by the township clerk." The sections following have reference to the enforcement of the duty of fencing thus imposed on the adjoining owners and their liability for damages. The law contemplates the erection of the partition fence on the line between adjoining farms; but this is utterly impossible when the farms are separated by a river, and the statute does not require a fence on each side of the river. In such a case the river bed necessarily must be regarded as uninclosed land, and the duty to fence devolves on no one. In this respect it is like a common from which the cattle of none are excluded.

Stock is prohibited from running at large in Bremer county, so that, except as otherwise provided by statute, it was the duty of defendant to restrain his stock within his own close. It appears that Mulvey erected a fence on his land, one to three rods back from the river front, for a distance of one hundred and sixty rods. Defendant also maintained a pasture fence along the river. The bank was low on that side, and when the water rose it would flow back and sometimes carry out the fence between them, whereupon defendant's cattle would pass along the uninclosed strip between Mulvey's fence and the river to where the water was somewhat shallow, and wade across to the premises of plaintiff. Under these circumstances the cattle were running at large and might be restrained as provided by section 2314 of the Code, or damages caused thereby recovered under the section following. Section 2313 relates to land fenced as provided by law, and is not applicable to plaintiff's premises, save, possibly, to small patches of corn which appear to have been inclosed. See *De Mers v. Rohan,* 126 Iowa, 488. Section 2314 provides that " swine, sheep and goats at all times, and, during the time and as required by police regulation adopted according to law, stock shall be restrained from running at large. Animals thus pro-

2. TRESPASSING ANIMALS: damages.

hibited from running at large, when trespassing on land, or a road adjoining thereto, may be distrained by the owner of such land, and held for damages done by them, and for the costs provided in this chapter; but stock shall not be considered as running at large so long as it is upon unimproved lands and under the immediate care and efficient control of the owner, or upon the public roads for travel or driving thereon under like care and control. But where a partition fence is required by law to be erected or maintained, stock escaping across such partition line shall be dealt with as provided in the preceding section." These cattle had escaped from defendant's close. They were under the control of no one and were clearly in the situation contemplated by this statute. See *Vallean v. Railway,* 73 Iowa, 723, and cases cited. Under the circumstances disclosed the plaintiff was entitled to damages, and the only issue for the jury to determine was the amount to be allowed.

II. Appellant contends that no more than nominal damages were proven. His cattle had been in the plaintiff's cornfield several times during the season, as had also the

3. SAME: nominal damages.

cattle of Goodsell. Mulvey's horses had been in twice and Mrs. Crowell's cattle a like number of times. Somebody's hogs were also seen in the field. These trespasses were at different times, and no evidence was introduced tending to prove the injury done by the plaintiff's stock alone, or that of any of the other stock, though the damages resulting from all were sufficiently established. Had the injury to the corn been done by all the stock trespassing at the same time, section 2316 of the Code might be sufficient authority for assessing against defendant his portion of the damages *pro rata;* that is, according to the relative number of stock trespassing. But the stock of different people were in the corn at different times, and the injuries thereto were distinct and separate. There was nothing to enable the jury to estimate the damages caused by that of each or of defendant, and for this reason nominal

damages only should have been allowed. *Williams v. Brown,* 76 Iowa, 643; *Rice v. Whitley,* 115 Iowa, 748. See *Chipman v. Palmer* (33 Am. Rep. 566); *Blaisdell v. Stephens,* 14 Nev. 17 (33 Am. Rep. 523); *Van Steenberg v. Tobias,* 17 Wend. (N. Y.) 562 (31 Am. Dec. 310).

Upon the filing of a remittitur of all damages in excess of $1 within thirty days from the filing of this opinion, the judgment will stand as *affirmed;* otherwise *reversed.*