PHŒBE J. COLE, Appellee, v. L. T. THOMPSON, Appellant.

**Trespass:** MEASURE OF DAMAGES. Where it is not shown that the trespass of cattle continued through the season the measure of damages is not the rental value of the land, but the difference in value of the crops before and after the damage, especially where it appears other cattle trespassed upon the premises during the season.

**Same:** EVIDENCE: INSTRUCTIONS. Where there is no proof of damages in an action for trespass except the rental value of the land, the plaintiff is only entitled at most to nominal damages,

and the court in submitting the case should point out the rule as to the measure of damages.

Motion for new trial: AMENDMENT OF PLEADING. After the overruling of a motion for a new trial, based on an error in the instruction and failure of the testimony to sustain the verdict, the court should not permit an amendment introducing a new cause of action which will bring the case within the instruction and the evidence.

Trespass: DAMAGES: FACT QUESTIONS. Where there is no evidence of damage in an action for trespass except the rental value of the land, as a whole, and it appears that defendant used a portion of the tract trespassed upon in such manner that he should be held for use and occupation, it is for the jury to say whether there was a simple trespass or an implied agreement to pay rent.

Trespass: LIABILITY. One who is a mere trespasser upon land cannot be held for the use and occupation thereof.

Pleadings: AMENDMENT: CHANGE OF ACTION. After a cause has been tried and submitted on the theory of a trespass a new cause of action, seeking recovery on the ground of an implied agreement to pay rent, cannot be made by amendment of the pleadings.

*Appeal from Winnebago District Court.*— HON. C. H. KELLEY, Judge.

THURSDAY, JUNE 6, 1907.

ACTION to recover for trespass upon plaintiff's real estate. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.— *Reversed.*

*G. H. Belsheim,* for appellant.

No appearance for appellee.

DEEMER, J.— Plaintiff, in her petition, alleged that she was the owner of fifty-five and one-half acres of land, forty acres of which was meadow, four of creek bed, and four of timber land. That in the year 1905, defendant willfully

and maliciously permitted about thirty head of cattle to go upon said land and to eat, tramp down, and destroy all the grass growing upon the meadow land, to the damage of plaintiff in the sum of $100; and $100 was asked as exemplary damages. Defendant denied the allegations of the petition, pleaded that he had at his own expense erected a fence between his own and plaintiff's land, and that, if any damages were done to plaintiff's land, it was because of her failure to join him in the erection of a partition fence. He also pleaded a counterclaim for corn converted by plaintiff. Upon these issues the case was tried.

Over defendant's objections plaintiff was permitted to show the market or rental value of the land upon which she claimed defendant permitted his stock to trespass during the year 1905. As the action was clearly for trespass, and there was no showing that defendant's cattle were in the pasture during the entire season, it is manifest that this was not the proper measure of damages. *Harrison v. Adamson,* 76 Iowa, 337; *Id.,* 86 Iowa, 693. The true measure of damages in such cases is the difference in the value of the crop destroyed before and after the damage was done. Moreover, it was shown that other cattle than those belonging to defendant were upon plaintiff's premises during the season of 1905, and for these trespasses defendant would not be liable. *Foster v. Bussey,* 132 Iowa, 640.

1. TRESPASS: measure of damages.

The case was submitted to the jury on the theory of trespass and for damages; but the trial court gave this instruction as to the measure of damages: " In order for plaintiff to recover any sum of defendant upon her claim as set out in paragraph 1 hereof, plaintiff must prove by the weight or preponderance of the evidence introduced upon the trial that defendant's cattle did go upon her land and eat, trample down, and destroy the grass growing thereon, substantially as claimed by plaintiff, and the amount of damages sustained by her because thereof." As

2. SAME: evidence: instructions.

there was no proper proof of any damages, but simply of rental value, the verdict should have been for defendant, or perhaps for plaintiff, for simply nominal damages. The instruction does not point out the measure of damages, but the testimony was directed to market or rental value for the use of the land.

A verdict was returned for plaintiff some time prior to February 12th, and on this last-named date defendant filed a motion for a new trial, based upon error in giving the instruction quoted, and failure of testimony to **3. MOTION FOR NEW TRIAL: amendment of pleadings.** sustain the verdict, and on March 9, 1906, plaintiff filed an amendment to her petition, charging use and occupation of the premises and an implied agreement to pay the rental value thereof. Defendant moved to strike this amendment; but this motion, as well as his motion for a new trial, was overruled, and judgment was entered upon the verdict. As the testimony in support of such an issue was received over defendant's objections, he had a right to rely upon the ruling then made, and the court could not a month after the verdict was received cure the error by permitting an amendment to the petition introducing a new cause of action. Defendant had the right to try the case upon the issue as made, and to meet any new case which might be made by proper testimony.

Moreover, even with such an amendment in the case in proper time, it was for a jury to say under the testimony in this case whether or not there was simply a trespass bv de-**4. TRESPASS: damages: fact questions.** fendant's cattle or an implied agreement to pay rent for the use of the land. No one testifies that defendant's cattle were upon the premises during the entire season. Indeed, there was some testimony to the effect that defendant built a fence to keep his cattle off of plaintiff's land, that they broke through this fence and went upon plaintiff's land some two or three times during the season, and that defendant attempted to keep this fence in repair. There was a part of plaintiff's land which, no doubt, defendant used in such a manner that he should be held for

the use and occupation thereof; but this was a small tract, and there was no testimony as to the rental value thereof as distinct from the other land.

One who is a trespasser upon land cannot be held for use and occupation for the reason that the relation of land-lord and tenant does not exist by implication in such cases.

5. TRESPASS: That there was no express agreement to pay rent is distinctly shown by plaintiff's testi-mony. Of course, an implied agreement may be shown by circumstances; but action for use and occupation will not lie against a trespasser, or one whose possession is tortious. This is the rule established by practically all the casses. See *Carrigg v. Bank,* (Iowa) 111 N. W. 329; *Williams v. Brown,* 76 Iowa, 643.

There may be cases where a plaintiff may waive the tort and sue for use and occupation; but upon this point the au-thorities are in conflict, and we need not now indicate our

6. PLEADINGS: amendment: liability. views upon this proposition, for there was not such waiver until the amendment to the pe-tition was filed after trial, and the election, if there was one, was made long before that time. The case was not tried or submitted to the jury on that theory, and, conceding arguendo, plaintiff's right to waive the tort and sue upon contract, it was a question for the jury to determine whether or not the circumstances shown indicated an im-plied agreement to pay rent. A new case cannot be made by amendment after trial. This matter of right to sue for use and occupation is discussed very thoroughly in an article by Prof. Ames, in 2 Harv. Law Review, 377; and see also Keener on Quasi Contracts, 191, 192.

The doctrine of election of remedies does not necessarily arise upon this appeal, save as it involves plaintiff's right to amend after verdict. We shall not go into that question now, for it is not presented in argument, and the point is of too much doubt to be solved without full discussion.

For the errors pointed out, the judgment must be, and it is, *reversed.*