THE MIRACLE PRESSED STONE COMPANY, Appellant, v. SAMUEL ROTH and MRS. SAMUEL ROTH.

Animals: RUNNING AT LARGE. Stock restrained within an enclosure and thus under the control of the owner are not running at large within the contemplation of the law.

**Same:** TRESPASS: DAMAGES. One who has not required the erection of a partition fence, as provided by statute, can not recover for the trespass of animals crossing the line onto his land.

*Appeal from Polk County District Court.*—HON. JESSE A. MILLER, Judge.

TUESDAY, NOVEMBER 23, 1909.

ACTION to recover damages for trespass by defendants' cattle upon plaintiff's premises. At the conclusion of the evidence the court directed a verdict for the defendants, and from judgment thereon plaintiff appeals. *Affirmed.*

*Franklin & Miller* and *Mills & Perry,* for appellant.

*J. D. Laws* and *E. T. Morris,* for appellees.

McCLAIN, J.—The plaintiff and the defendants were tenants of separate parcels of a tract of unimproved land within the corporate limits of the city of Des Moines inclosed by a fence. There was no partition fence between these two parcels. Plaintiff used its portion of the field for the manufacture of cement blocks, while defendants pastured cattle on their portion. These cattle at various times went upon the portion of the field rented by plaintiff and caused damage to the cement blocks, which were in the process of manufacture, and for this damage plaintiff sought a recovery.

The court properly excluded from the consideration of the jury the ordinances of the city of Des Moines prohibiting stock from running at large, for the reason that

1. ANIMALS: running at large.

the animals of defendants were not running at large within the contemplation of the law. They were restrained within an inclosure, and were therefore under the control of the owner.

*Hinman v. Chicago, R. I. & P. R. Co.,* 28 Iowa, 491;
*Valleau v. Chicago, M. & St. P. R. Co.,* 73 Iowa, 723.

It is conceded that in Polk County, within which
the city of Des Moines is situated, cattle can not lawfully
be allowed by the owner to run at large.  See Code, sec-
tions 444-446.   Therefore, if defendants'
animals running at large trespassed on land
of which plaintiff was in rightful posses-
sion, they might have been distrained by plaintiff and
held for damages.  Code, section 2314.  That section pro-
vides, however, as follows: "But where a partition fence
is required by law to be erected or maintained, stock
escaping across such partition line shall be dealt with as
provided in the preceding section."   And the preceding
section includes the provision: "If there be no lawful
partition fence, and the line thereof has not been assigned
either by the fence viewers or by agreement of the parties,
any animals trespassing across such partition line shall
not be distrained, nor shall there be any liability there-
for." Under section 2355 plaintiff could have compelled
defendants to contribute to the erection of a partition
fence, which would have protected plaintiff's land from
the incursions of defendants' cattle, and the respective
duties of adjoining owners in the case of partition fences
are the same where stock are restrained from running at
large as where they are not so restrained.  Code, section
2368.  Not having done so, plaintiff can not recover dam-
ages from defendants for the consequences of defendants'
animals crossing the partition line and coming upon the
land of plaintiff.  *De Mers v. Rohan,* 126 Iowa, 488;
*Duffees v. Judd,* 48 Iowa, 256.  The case of *Foster v.
Bussey,* 132 Iowa, 640, is not in point, for the lands of
the owners in that case were separated by a river, and
the court held that the statute as to partition fences had
no application.  It was held that the river bed constituted
uninclosed land, and, therefore, as a natural consequence,

2. SAME: tres-
pass: damages.

the lands of the two owners were not in the same in-closure.   We need not discuss the cases cited from other states, for it does not appear that the statutes of those states are similar to the statutes of this state with refer-ence to animals running at large and the duty to maintain partition fences.   The judgment is *affirmed*.