G. A. LINT, Appellee, v. J. A. MALONE, Appellant.

Animals: TRESPASS: FENCES: LIABILITY FOR DAMAGES. Where plaintiff and defendant occupied adjoining land all previously used for pasture and not separated by a sufficient partition fence, no attempt having been made to comply with the statutes regarding division fences, and the defendant was not aware the adjoining land was being cropped, he was not liable for injury to the crop caused by his stock escaping from his pasture, under Code, Section 2313.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

MONDAY, MARCH 17, 1913.

THIS is an action for damages for alleged trespassing of stock running at large, and for alleged negligence of defendant in permitting same. There was a general denial by the defendant. There was a trial to a jury and a verdict and judgment for the plaintiff. Defendant has appealed.— *Reversed.*

*Clark & Hutchinson* and *Harry N. Hansen,* for appellant.

*J. L. Witmer,* for appellee.

EVANS, J.—The plaintiff was a renter for the year 1910 of certain thirty-five acres of ground owned by one Burgett. This land was joined on the south by certain land of the defendant. The defendant's land was used solely as a pasture for cattle and horses. For the year 1909 the defendant had also, under an arrangement with Burgett, used Burgett's land for the same purpose. There was a partition fence of some kind between the two tracts. This was more or less out of repair. Without some repair it was not efficient to restrain stock from passing through it. Whatever repairing had been done in the past had been so done by the defendant alone. No repairing had been done by the plaintiff or his lessor. No request had ever been made by either of the adjoining owners for a compliance with the statute relating to partition fences. The lands are located upon the river bottom, and appear to be more or less waste in character, and appear to have no other improvements than the fences. The defendant had no knowledge of the proposed use of the Burgett land for cropping purposes until the latter part of May, 1910. On the day he discovered such fact, the plaintiff had taken down the entire partition fence, such as it was, and had asserted his right of possession to a line further south than the location of the partition fence, and was engaged in plowing the ground accordingly. This was done under the advice of Burgett. To the extent of the foregoing, the facts are not in dispute. An injunction suit was immediately begun by the defendant against the plaintiff herein and his lessor to restrain interference with the partition line, and such suit was pending at the time of the trial herein. The stock of the defendant crossed the partition line onto the lands of the plaintiff and his lessor a number of times, both before and after the removal of the fence by the plaintiff.

At the close of the plaintiff's evidence the defendant moved for a directed verdict. The principal ground of such motion was that the case was covered by section 2313 of the Code, and that there was no lawful partition fence between the parties, and that no assignment had been made under the provisions of the statute. The statutory provisions as to assignment and maintenance of a partition fence are contained in sections 2355-2368. Section 2313, relating to trespassing animals, provides as follows: "If there be no lawful partition fence, and the line thereof has not been assigned, either by the fence viewers or by agreement of the parties, any animal trespassing across such partition line shall not be distrained, nor shall there be any liability therefor." Section 2314 also provides as follows: "But where a partition fence is required by law to be erected or maintained, stock escaping across such partition line shall be dealt with as provided in the preceding section."

In *Miracle Pressed Stone Co. v. Roth,* 144 Iowa, 656, we had occasion to consider these statutes. We held there that, inasmuch as there was no partition fence, the plaintiff having failed to require one, on the one hand, and failed, on the other hand, to assume the burden, he could not recover for the trespassing of the cattle of the adjoining landowner by crossing such line. To the same general effect, under a somewhat different statute, see *Duffees v. Judd,* 48 Iowa, 256. See, also, *De Mers v. Rohan,* 126 Iowa, 488.

In the present case the plaintiff testified as follows:

This ground had been pastured all season, before I started to plow the ground up, by Malone's cattle. There had been a fence. In places there was not a fence, and in places there was. The cattle ran onto it from the time I planted my corn on the 14th day of May to the 16th day of June, just backward and forward every day; about thirty-five head of grown cattle. There was seven head of horses for a while. At that time some of the corn was et off to the ground, and some of the corn was pretty near waist high. Some places they had

eaten up half of it and better. For fifteen or twenty or thirty feet they would pull it all out and eat it, and other places they would leave five or six hills. They tramped it all to pieces. There was other pasture connected with it. There was this thirty acres of Malone's and this forty was altogether. There was nothing said between Mr. Malone and I about this stock being in there till I was building a fence, and he served an injunction on the 28th of May. . . . Some places there was a fence between my piece and Mr. Malone's ground, maybe up five or six rods, and then five or six rods there was no fence or posts. It had been a wire fence at one time. The fence on the west of it, the old bed of the river run down there and washed the fence out; and a long place in the middle, for about two-thirds of the space to the west side, there was no fence for eight or ten rods, and on the east side there was no fence for about fifteen rods, and there was other places there was no fence; that was on the line between Burgett and Malone. Some posts were gone. The cattle crossed that fence to get into my corn; that is where they came all the time, over the division line. The fence had been that way for two or three years.

We think the case comes squarely under the provision of section 2313 of Code as heretofore construed; nor does it operate inequitably in this case. There was no fair reason apparent why the plaintiff or his lessor should have attempted to crop this ground without some notice to the defendant, and without making provision for a partition fence. It is undisputed that the defendant's field had been maintained as a pasture for many years, and that the plaintiff's land had not been cropped the preceding year. Whether it had ever been cropped before does not appear. Be that as it may, under the provision of the statute quoted, and under the evidence in this record, the plaintiff was not entitled to a submission of the case to the jury.

The judgment below must therefore be *Reversed*.