MAURICE H. SMITH, Appellant, v. ARTHUR FLOWERS et al., Appellees.

**ANIMALS:** Non-Right to Distrain. One may not distrain trespassing animals when his own failure to maintain his portion of the partition fence is the cause of the trespass. In such case, the full measure of his right is to take temporary possession of the stock, in order to protect his property.

*Appeal from Tama District Court.*—B. F. CUMMINGS, Judge.

DECEMBER 14, 1918.

ACTION of replevin for the possession of plaintiff's own cattle, held in distraint by the defendants as trespassing stock. The trial court sustained defendants' motion for a judgment upon the pleadings, and dismissed the petition. Plaintiff appeals.—*Reversed.*

*Huber & Hyland,* for appellant.

*Jacob Lamb* and *J. R. Caldwell,* for appellees.

EVANS, J.—Inasmuch as judgment was entered upon the pleadings, we must deem the allegations of the petition as true, for the purpose of this appeal. Plaintiff's ownership of the cattle is conceded. The defendants' only claim to the possession is that they distrained the cattle while they were trespassing upon their land, and that the township trustees assessed the damages in their favor at $80. The defendants demand payment of the damages so assessed, and hold the

stock in distraint until payment be made. It is made to appear from the pleadings that the parties are adjoining landowners. It appears from the plaintiff's pleadings that his cattle were kept in a pasture upon his own lands, and that they escaped therefrom through the failure of the defendants to maintain their part of the partition fence. The defendants plead that there was no partition fence between the respective lands of plaintiff and defendants, and that no part of the partition fence had ever been assigned to the defendants for maintenance, and that the parties had respectively followed the custom of keeping their own stock enclosed upon their own premises. In so far as these statements differ, we must accept the allegation of the plaintiff, for the purpose of this appeal.

The right of distraint of trespassing stock running at large is conferred by Section 2313 of the Code, which is as follows:

"Any animal trespassing upon land fenced as provided by law may be distrained by the owner of such land, and held for all damages done thereon by it, unless it escaped from adjoining land in consequence of the neglect of such landowner to maintain his part of a lawful partition fence. The owner of the land from which such animal escaped shall also be liable for such damages if it escaped therefrom in consequence of his neglect to maintain his part of a lawful partition fence, or if the trespassing animal was not lawfully upon his land, and he had knowledge thereof. *If there be no lawful partition fence, and the line thereof has not been assigned either by the fence viewers or by agreement of the parties, any animal trespassing across such partition line shall not be distrained, nor shall there be any liability therefor.*"

It will be seen from the foregoing that the statute does not confer the power of distraint of the stock of an adjoining landowner if there is no partition fence between the ad-

joining lands respectively, and if the stock crosses the partition line; or if the stock escapes through a part of the partition fence in consequence of the neglect of the distrainer to maintain the same.

This section of the statute was before us for consideration in *Miracle P. Stone Co. v. Roth,* 144 Iowa 656, and *Lint v. Malone,* 159 Iowa 155, 156. In the cited cases, we held, in substance, that one adjoining landowner may neither distrain nor recover damages for trespassing stock, under the excepted circumstances specified in such section. The defendants, therefore, had no right to distrain the plaintiff's stock. They added nothing to their rights by calling in the township trustees to assess damages. Unless there was a right of distraint, the assessment of damages was futile. The defendants contend that the action of the trustees in assessing damages was in the nature of an adjudication, and that the only remedy left to the plaintiff was to appeal therefrom. This contention cannot be sustained. The very jurisdiction of the trustees rested upon the right of distraint. If there was no right of distraint, there was no jurisdiction. If they had no jurisdiction to assess damages, they could not acquire jurisdiction by simply assessing the damages. Undoubtedly, the want of jurisdiction could have been pressed upon the attention of the trustees themselves, and they could properly refuse to assess damages, for want of jurisdiction. *Duffees v. Judd,* 48 Iowa 256. But their jurisdiction, nevertheless, was not aided by what they did or what they failed to do.

The sum of the situation, therefore, is that the defendants distrained when they had no right to distrain; though they had a right to take temporary possession of the cattle, for the purpose of protecting their own crops. The plaintiff served a formal written notice and demand for the possession before pressing replevin, wherein he claimed his right of possession of his own cattle and denied the defendants'

right of distraint under the statute. This notice was sufficient to wholly terminate any further right of detention on the part of the defendants. We reach the conclusion, therefore, that, upon the facts appearing in the pleadings, judgment for possession of the property should have been awarded to the plaintiff.—*Reversed.*

PRESTON, C. J.. LADD and SALINGER, JJ., concur.